Chief Justice Robertson
did not sit in this case : Judge Nicholas delivered the Opinion of the Court.
The heirs of Henry P. Buford filed their bill against the devisee of Henry Paulding, to obtain specific performance of an alleged covenant from Paulding, for the conveyance, at his death, of a tract of land to Buford. The defendants deny that the covenant was executed by Pauld-ing, or, if genuine, that it was given for any valuable consideration.
We shall waive a decision of the question, whether the covenant was executed by Paulding, inasmuch as we are clearly of opinion, that if it was signed by him, it was merely intended as a gift to his nephew, Henry P. Buford, and that Paulding received no valuable consideration therefor; and consequently, that we are bound to affirm the decree dismissing the bill.
In exercising the discretion, which the chancellor retains to himself, over applications for the specific performance of contracts, it has always been deemed an essential prerequisite, that the contract he is called upon thus to enforce, should be based upon, either a valuable, or what is termed a meritorious consideration. The moral obligation to provide for a wife or a child, constitutes such a meritorious consideration as will induce a specific performance of an agreement in their favor, and some of the cases have declared, that grand-children come within the rule; but we have been able to find no authoritative case where a voluntary agreement has been specifically enforced in favor of a collateral relation, such as a nephew, unless there was some other controlling circumstance besides the mere affinity. The cases where relief has been extended in favor of collaterals, either expressly recognise the doctrine, th at some additional circumstance is necessary to call *108 forth the interposition of the chancellor in their behalf, or by the-stress laid upon such additional and controlling circumstance, indicate clearly that such is the rule of the court. See Newland on Contracts, 71 to-77, and cases there cited.
The whole foundation of the principle which turns mere gratuitous engagements and voluntary promises of bounty and munificence, into contracts of obligatory efficacy, is of such doubtful equity, that we feel no disposition to carry it farther than it has already gone.
The idea, which seems to have had some countenance from a few old cases, that an agreement in writing would .be specifically enforced, merely because it was solemnizr ed by the signature, and seal, of the party, has been long exploded.
In Watts vs. Bullas, 1 P, Wms. 60, where the court was applied to-, for the purpose of aiding and supplying a defective,voluntary conveyance in favor of a half brother, Lord.Keeper Wrightwasof opinion, that, as the consideration. of blood woulcTraise an use at common law, and as before the statute 27 Henry VIII, could have compelled an execution of such use, in- a court of equity, so would that imperfect conveyance raise a trust, in respect of the consideration of blood, and consequently, ought to be made good in equity. Mhch stress appears to have been laid by this court upon, the same argument, in McIntire vs. Hughes, 4 Bibb, 187, when assigning its reasons for affording relief in favor of. a son ; but there is no express indication, of opinion,, that it should be extended in favor of collateral relations also. In Goring vs. Nash, 8 Atk. 188, Lord Hardwick, commenting upon Walls vs. Bullas, said, Lord Wright’s reasoning w'as too large, owing to his then being new in the court, and pursuing the maxims of law too. far, as to the consideration of blood to raise an use in law, and which this court doesnot. regard.
In an analogous class of cases,, it seems to. be well established, that a defective surrender will be supplied only in favor of three descriptions of persons,, viz creditors, wife, and children — see Goodwin vs. Goodwin, 1 Vez. 228. Byas vs. Byas, 2 Vez. 164. Tudor vs. Anson, 2 Vez. 582.
Decree affirmed, with costs.