CASE 2—PETITION—JUNE 9.

# J. H. Arnold v. O. P. Park.

### APPEAL FROM BATH CIRCUIT COURT.

1. RELEASE ON PART PAYMENT.—An acknowledgment that a party is satisfied, or a covenant not to sue, amounts to a release.   (Chitty on Contracts, 293.)
2. "I ACQUIT HIM OF EVERY DEMAND I HAVE AGAINST HIM."—A son, being indebted to his father in several amounts due and to become due, agreed to deliver a horse to his sister, and in consideration thereof the father executed a writing which recites, "*I acquit him of every demand I have against him.*"   The delivery of the horse discharged the whole debt, as well that part which was to fall due at a future day as that which was past due.
3. That the debtor was the *son* of the creditor also constituted a sufficient consideration for the release.
4. The ancient general rule, that the payment of part of a debt is no satisfaction of the whole debt, even where the creditor agrees to receive a part for the whole, has been greatly modified, and there were always exceptions to it; as

   If a creditor accepts part of his debt before the whole is due in satisfaction of the whole, or at a different place from where it was payable, that would be a bar to a recovery of the residue.   (Jones v. Bullitt, 2 Littell, 49; 2 Parsons on Contracts, 618.)

REID & YOUNG,   .   .  ⎫
NESBIT & GUDGELL,  ⎬   .   .   .   .   .   .   .   .   For Appellant.
                   ⎭

R. APPERSON, JR.,   .⎫
J. SMITH HURT,   .  .⎬   .   .   .   .   .   .   .   For Appellee,
                    ⎭
CITED
   9 Johnson's Rep. 123, Wood v. Williams.
   1 Espinassi's *Nisi Prius*, 244.

2 Parsons on Contracts, 220, and note.
4 Met. (Mass.) 80, Pierce v. Parker.
3 Metcalfe, 323, Bennett v. McCrocklin.
  Coke upon Littleton, section 508.
  Comyn's Digest, title Release, E.
  Chitty on Contracts, 9th American edition, 675.
  Revised Statutes, sec. 6, chap. 22, 1 Stanton, 268.
  Myers's Supplement, 292.
  Civil Code, section 30.

JUDGE PETERS DELIVERED THE OPINION OF THE COURT.

In August, 1868, this action was brought by appellee on a note executed by appellant for two thousand and fifty dollars to G. D. and S. P. Atchison, on the 9th of February, 1866, due twelve months thereafter, for part of the purchase-price of a tract of one hundred and fifty-five acres of land, and assigned by the payees therein to appellee.

Appellant sets up in his answer, by way of set-off to appellee's demand, a debt of fifteen hundred dollars, contracted by him with George Park for a tract of land sold by him to appellee, and by said George Park assigned to the wife of appellant, who is the daughter of said George Park and sister to appellee, in consideration of love and affection for his said daughter, by virtue of which assignment he became the owner of said debt; and that his wife had also transferred the same to him.

By an amended answer and cross-petition appellant seeks to reclaim one hundred and fifty dollars usurious interest he alleges he paid appellee.

In reply to the demands set up in appellant's answer against appellee, he denies that at the date of the alleged assignment to Mrs. Arnold, or at any time since the 16th of May, 1862, he owed his father, George Park, fifteen hundred dollars, or any other sum whatever. He admits he purchased of his father a tract of land at the price of fifteen hundred dollars, and on the 1st of January, 1856, his father conveyed the same to him, reserving certain rights for the

benefit of himself and wife during their lives, specified in the deed; that two hundred and fifty dollars of the price was paid in hand at the time the deed was made, the payment of which is therein acknowledged, and the residue was to be paid in annual installments of one hundred dollars, as is shown by the deed, a copy of which constitutes a part of the record; that on the 16th of May, 1862, his father, in consideration that he furnished to appellee's sister, Mrs. Margaret Johnson, a certain young bay mare, or one equal in value to her, clear of any impediment, acquitted him of all demands he had against him. He alleges that he did furnish and deliver to Mrs. Margaret Johnson the young bay mare, whereby he was released from the payment of any balance due on said land, and of all other demands his father had against him.

The foregoing are the facts substantially as set forth in the pleadings of the parties respectively, and the evidence in writing shows that appellee furnished the mare designated to Mrs. Johnson.

On final hearing the court below adjudged that George Park, before he assigned the demand on appellee for the unpaid purchase-money for the land to Mrs. Arnold, had absolved and released him from the payment thereof, and rendered judgment against J. H. Arnold for the amount of the note sued on, less the credits indorsed thereon; and from that judgment Arnold has appealed.

Whether the instrument executed by George Park to appellee shall operate as a release, and discharged him from the debt, is the main question in the case.

Mr. Chitty on Contracts, p. 293, says: "No particular form of words is necessary to constitute a valid release; any word equivalent to the term 'release,' and which evinces an evident intention to renounce the claim on or discharge the debtor, is sufficient. An acknowledgment that a party is satisfied, or a covenant not to sue, amounts to a release."

Where there is a *debitum in presenti* "a release of all actions or demands" discharges it, though the money be not payable as money to be paid at a future day by bond, covenant, or contract. The words of the writing, executed by George Park and relied on as a release, are very comprehensive; they are, "I, Geo. Park, do acquit O. P. Park of every *demand* I have against him." Here there was a *debitum in presenti*, though a part of the money was not then due and payable; but the comprehensive words "I acquit him of every demand" discharged the whole debt, as well that part which was to fall due at a future day as that which was past due.

But it is contended that payment of part of a debt is no satisfaction of the whole debt, even where the creditor agrees to receive a part for the whole, and actually gives a receipt to that effect. That seems to have been the ancient general rule; but that rule has been by later authorities greatly modified. The reason for the rule is that an agreement to accept a part in satisfaction of the whole debt was without consideration. But even if that rule be recognized as in full force, there were always exceptions to it: as if a creditor accept a part of his debt before the whole is due in satisfaction of the whole; or at a different place from where it was payable; or if the whole of the money be due, and there is an agreement to accept something else, though of less value, in satisfaction of the debt; the agreement can not be said to be without consideration, and that would be a bar to a recovery of the residue. (Jones v. Bullitt, 2 Litt. 49; 2 Parsons on Contracts, 618.)

In this case George Park had no right to demand nor was appellee bound to pay Mrs. Johnson a mare, and his parting with the mare was a consideration, and the acceptance by her a satisfaction of the debt. Besides, appellee was the son of Geo. Park, and that of itself constituted a sufficient consideration to uphold the release.

As to the usury claimed to have been paid to appellee by

appellant, the statute of limitations is relied upon, and the claim appears to have been barred before the cross-petition for its reclamation was filed.

The judgment for the reasons stated must be affirmed.