CASE 6—EQUITY—JANUARY 21, 1882.

# Robert v. Barnum, &c.

# Fitch v. Same.

### APPEAL FROM LOUISVILLE CHANCERY COURT.

1. An agreement by a creditor with the debtor to take less than his debt, based upon no other consideration than to relieve him from embarrassment, cannot be enforced.
2. But when creditors enter into an agreement with each other that will relieve the debtor by releasing a part of their demands, the agreement can be enforced even by the debtor himself. He can accept the terms fixed, and enforce compliance with the agreement.
3. An agreement by one creditor to release is a sufficient consideration for another.
4. The assignment by appellee of his property did not change the rights of the parties.

BARRET & BROWN FOR APPELLANT.

The execution of the deed of assignment by Barnum was a voluntary abandonment of the proposed compromise. To convey his estate away is incompatible with the agreement. (Burrill on Assignments, sec. 298.) The trustee is bound by the terms of the deed of trust. Under that deed nothing less than full payment can be worked out.

WALTER EVANS FOR APPELLEES.

No bond of indemnity provided for in section 435, Civil Code, was required. Great injustice would be done to the trustee, who has made the surrender to appellee Barnum, if a reversal is adjudged. The agreement to release on the part of the creditors of Barnum is valid and enforceable.

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

The validity of agreements between creditors, entered into for the purpose of releasing an insolvent debtor, when made in good faith, cannot be questioned; and when the debtor has in this manner procured his release, and is willing and offers to comply with the terms of the agreement, there is no reason why it should not be enforced. The basis of settlement in this case was, that ninety per cent. of the creditors for merchandise sold the debtor should sign the composition agreement. Perfect equality, unless otherwise agreed upon, should exist between the creditors named, the one having no advantage over the other The execution of the agreement by one creditor is the inducement for the others to do likewise. All agreeing to relinquish their claims for a particular purpose, that is, to relieve the debtor from his insolvent condition, and the agreement to release by one is a sufficient consideration for the release by the other. The creditors are the parties contracting for the relief of the insolvent, and when the latter complies, by paying or tendering the money, or whatever is required to release him from his obligations by the terms of the settlement composition, the creditor is bound to accept it. An agreement by the creditor with his debtor to take less than his debt, based on no other consideration than to relieve him from his pecuniary embarrassment, cannot be enforced; but when the creditors enter into an agreement with each other that they will relieve the debtor by releasing a part of their demands, the agreement can be enforced even by the debtor, who can accept the terms fixed by his creditors, and comply with the agreement. The creditors contracted with each other in this case to the effect that "they would accept twenty-five cents on a dollar cash, in full settlement of our

·claims to date.    This paper is not binding, unless signed by creditors representing ninety per cent. of his merchandise indebtedness.''

The creditors representing ninety per cent. of this indebtedness signed the agreement, and all of them have accepted · the twenty-five cents on the dollar, except the appellees. They say they are not bound by the agreement, because the appellee (the debtor) made an assignment of his property to a trustee for the benefit of creditors, after this composition agreement was entered into.    This the appellee may have done for his own protection, or to bring about, if the composition agreement failed for want of the proper number of signatures, an equal distribution of his property or its proceeds between his creditors.    The proof conduces to show that one creditor had at least attached his goods, and to prevent such preferences he made the assignment. There is no evidence of any fraud practiced by the appellee; but, on the contrary, he proceeded, after the assignment of his property, to obtain the requisite number of signatures, in order to effect the settlement; and this having been done within a reasonable time, he proceeded to pay off his creditors under the composition agreement.    He paid all but the two appellants, and they are now insisting that as his estate is amply sufficient to pay them, the other creditors being satisfied, there is no reason for holding them to the agreement. It is argued that this is a controversy between the creditor and debtor only, as all his other creditors are satisfied, and the debtor is able to pay them.    The inquiry at once arises, what placed the debtor in a condition by which his ability ·to pay these two debts is unquestioned?    The response is, the surrender by all of his creditors of their claims upon the payment of twenty-five cents on the dollar.    The cred-

itors' money is left with, or given to the debtor, by reason of the agreement the appellants are seeking to avoid. The chancellor, in allowing their claims in full, would be aiding the appellants to take an improper advantage of those with whom they had, in good faith, contracted, by using their means, or what, as between the appellant and the other creditors, belonged in law and equity to the latter, to pay appellants' debts. They knew of the assignment by the appellee, or, if not, they knew of the acceptance by the creditors, or many of them, of the sum agreed on in full discharge of their debts, and neither a court of law or conscience should give them this advantage.

They have no more right in equity to this money than if they had made a secret arrangement with the appellee to pay their debts in full at the time they signed the agreement. The assignment of the estate of appellee for creditors did not change the relation of the parties. It placed the creditor in no worse condition, and even an absolute sale, if made in good faith, to enable the debtor to comply with the agreement, could not have been deemed fraudulent. It would be unjust to both the debtor and those of his creditors who had released their claims, to permit this defense. The obligation to comply was reciprocal, and no creditor signing the paper can disregard his agreement so as to prevent the equitable adjustment, and the chancellor will not hesitate to enforce it. The debtor may refuse to comply or decline by his acts to recognize the agreement, and if so, the creditor is not bound; we find no such refusal in this case.

Judgment affirmed.   (Farmington v. Hugsden, 117 Mass., 454; Pearce v. Matthews, MS.)