CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY V. JOHN A. BUCKSTAFF.

FILED JULY 1, 1902.   No. 11,969.

Commissioner's opinion, Department No. 1.

1. Theory of Case: INSTRUCTION: PLEADINGS: ISSUE: COMPETENT EVIDENCE. A party to an action is entitled to have the jury instructed with reference to his theory of the case, when the pleadings present the theory as an issue, and it is supported by competent evidence.

2. Disputed Account: SETTLEMENT: CONSIDERATION. When there is a bona-fide dispute between parties as to the amount due upon an account, and the debtor tenders a less amount than the claim in full settlement, which the creditor accepts, with knowledge that it was tendered as a full settlement, the dispute will be a sufficient consideration to uphold the settlement, and will bar a recovery upon the remainder of the claim.

ERROR from the district court for Lancaster county. Tried below before FROST, J. *Reversed.*

*W. F. Evans, Lorenzo W. Billingsley* and *Robert J. Greene,* for plaintiff in error.

*Charles O. Whedon, contra.*

DAY, C.

This action was brought in the district court of Lancaster county by John A. Buckstaff against the Chicago, Rock Island & Pacific Railway Company to recover a balance alleged to be due the plaintiff on account of work and material furnished the defendant at its instance and request. Attached to the plaintiff's petition and made a part thereof, was a copy of the account sued on, showing the several items, aggregating the sum of $6,219.51, and also showing three items of credit, one for $1 to correct error, one for $5,000, and one for $1,105.71; leaving a balance of $112.80. The defendant denied that the labor and material were furnished as set out in the account attached to the petition, and alleged that certain work was done and material furnished by the plaintiff under a written contract, a copy of which was attached to and made a part of the answer; that the work so performed and material furnished amounted to the sum of $6,105.71, and that the defendant had paid the plaintiff said sum in full of said debt. The answer also alleged that after the cause of action sued on had accrued the defendant delivered to the plaintiff, who accepted the same, a check for $1,105.71, in full payment, satisfaction and discharge of all matters of account between plaintiff and defendant, and of the debt sued on. The reply was a general denial of new matter alleged in the answer. Upon the trial the plaintiff recovered judgment, to review which the defendant has brought error to this court.

The record shows that the plaintiff entered upon the performance of the work contemplated in the contract, and during its progress, at the instance of the defendant, performed services and furnished material not included in the terms of the written contract. On May 4, 1893, plaintiff was paid $5,000, which was credited generally on account, leaving a balance, according to his account, of $1,218.51. The testimony on behalf of the defendant tended to show that on May 30, 1893, it mailed to the plaintiff a letter as follows:

"CHICAGO, ILLINOIS, May 30, 1893.

"*J. A. Buckstaff, Lincoln, Neb.*—DEAR SIR: Enclosed find check number 97465 for $1,105.71 in full for your claim against the company. Please forthwith sign the enclosed voucher and mail same to address indicated.

"Yours truly,      W. K. McFARLIN."

Accompanying the letter was a check for $1,105.71, payable to the order of said J. A. Buckstaff, and also a voucher, which was marked upon its face "Final." This voucher was an itemized statement of the transactions between the plaintiff and the defendant, and after deducting the payment of $5,000 previously made, showed a balance to be due the plaintiff of $1,105.71. At the bottom of the voucher was a receipt in blank for signature, which recited that the sum was "in full for the above account."

The difference in the respective accounts of plaintiff and defendant will sufficiently appear in the parallel columns of the following table:

|  | Def't's Acc't. | Pl'ff's Acc't. |
|---|---|---|
| 2 bumping stones cut and set...... | $8. | $12. |
| Resetting 331.5 ft. curbing........ | 16.57 | 66.30 |
| Unloading and hauling 10 extra cars sand ..................... | —.— | 25. |
| 1371.06 sq. yds. paving, at $1.50.... | 2056.59 | 2057.49 |
| Setting 428.3 ft. wooden curb...... | 21.41 | 42.88 |
| 125 oak stakes .................. | 10. | 20.50 |
| Resetting 24 ft. curb............. | 2.40 | 4.60 |

It will be observed that the two accounts agree as to the items of service and materials except as to the items of $25 for hauling sand, which is not included in defendant's account. The difference in the two accounts arises by the omission of this item, and by a difference in the price at which the work is computed, and a slight difference by an error in computation.

The plaintiff denied having received the above-quoted letter, but admitted that he received the voucher and the check, and collected and still retains the amount called

for by it.  He did not sign the voucher, nor return it to the defendant.

After stating an epitome of the respective claims of the plaintiff and the defendant as shown by the pleadings, the court gave the usual instructions relating to the burden of proof and the credibility of witnesses, and then instructed the jury upon the law of the case as follows:

"Among other things the burden is upon the plaintiff to show by a preponderance of the evidence, that there is anything due him from the defendant over and above the $6,105.71 which has already been paid to him by the defendant.  Should you find under the evidence and these instructions that there was any amount due to the plaintiff from the defendant over and above $6,105.71, then your verdict should be for the plaintiff for the amount so found due, together with interest thereon at 7 per cent. from December 1, 1893."

This instruction, which was duly excepted to by the defendant, was the only instruction given by the court upon the law of the case.  One of the errors assigned and now relied upon for reversal is the giving of this instruction.  It will be noted that the defendant's answer tendered the plea of payment and of accord and satisfaction. By the instructions, however, the court submitted only the defense of payment.  The defendant's theory of accord and satisfaction was entirely disregarded.  The rule is well settled in this state that a party to an action is entitled to have the jury instructed with reference to his theory of the case when the pleadings present the theory as an issue, and it is supported by competent evidence. *Boice v. Palmer,* 55 Nebr., 389; *Gilbert v. Merriam Saddlery Co.,* 26 Nebr., 194; *Hancock v. Stout,* 28 Nebr., 301. In our opinion, there was sufficient evidence to be submitted to the jury as to whether there was a bona-fide dispute between the parties as to the amount of the plaintiff's claim, and also whether the check was tendered by the defendant in full settlement of a disputed amount, and known by the plaintiff to be so tendered, and was accepted

upon such understanding. It is well settled in this state, as well as by the weight of authority, that the mere payment of a less sum than is actually due on a contract, in full satisfaction of the amount, will be no defense to an action by the creditor to recover the balance, notwithstanding the parties may have agreed that the sums paid shall operate as a discharge of the entire debt; the reason of the rule being that there is no consideration to support the agreement. *McIntosh v. Johnson*, 51 Nebr., 33; *Fitzgerald v. Fitzgerald & Mallory Construction Co.*, 44 Nebr., 463, 467; *Robert v. Barnum*, 80 Ky., 28; *Railway Co. v. Davis*, 11 Pac. Rep. [Kan.], 421; *American Bridge Co. v. Murphy*, 13 Kan., 35. Where, however, there is an actual bona-fide dispute between the parties as to the amount due, and they compromise the matter, and the creditor accepts a less sum than is actually due in satisfaction of his debt, the settlement of the dispute is a sufficient consideration to uphold the contract. This exception to the general rule has been recognized by this court in *Slade v. Swedeburg Elevator Co.*, 39 Nebr., 600, wherein it is said: "A compromise of honest differences, whereby a less sum than that claimed has been paid and accepted in full of plaintiff's claim, bars the right of plaintiff to insist upon a recovery of the amount originally claimed by him."

In *Treat v. Price*, 47 Nebr., 875, it is said, on page 882: "The doctrine that a debt is not discharged by the receipt, even ostensibly in satisfaction, of a smaller amount, is based on the fact that there is in such case no consideration. It does not apply to the case of a disputed claim."

In *Deutmann v. Kilpatrick*, 46 Mo. App., 624, 629, after stating the general rule as herein stated, the court says: "But, where the claim is disputed, a party must accept a tender as made, or must reject it; he can not accept it and prescribe the terms of acceptance." Of course, it is the fact of a dispute or controversy as to what is due, which furnishes the consideration for the settlement, and upholds it as a contract. The evidence

was sufficient, at least, to have been submitted to the jury, as to whether there was a bona-fide dispute between the parties as to the amount of the plaintiff's claim; and if there was, and the defendant tendered a less amount in full settlement and discharge of the entire claim, and defendant accepted the money with the knowledge that it was so paid, the dispute is a sufficient consideration to uphold the settlement, and will bar a recovery upon the balance of the claim.

In *Treat v. Price,* 47 Nebr., 875, 884, it is said: "When money is offered on condition that it be accepted in full satisfaction of a demand, the person receiving it, if he receives it at all, must take it subject to the condition named. His acceptance of the money under such a tender is an acceptance of the condition, notwithstanding any protest that he may at that time or afterwards make to the contrary. *Fuller v. Kemp,** 138 N. Y., 231; *Reynolds v. Empire Lumber Co.,†* 85 Hun [N. Y.], 470; *Donohue v. Woodbury,* 6 Cush. [Mass.], 148, 150; *McDaniels v. Lapham,* 21 Vt., 222." In *Greenlee v. Mosnat,* 90 N. W. Rep. [Ia.], 338, the same principle is announced, and a number of authorities cited to sustain it.

There are other questions discussed in the brief of counsel, but, as they are not likely to occur again upon a new trial, we refrain from considering them at this time.

The failure of the trial court to instruct the jury upon the defendant's theory of the case, as presented by its pleadings and proof, was prejudicial error. We, therefore, recommend that the judgment of the district court be reversed and the cause remanded for further proceedings.

HASTINGS and KIRKPATRICK, CC., concur.

By the court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause is remanded.

REVERSED AND REMANDED.

*20 L. R. A., 785.     †33 N. Y. Supp., 111.

NOTE.—*Partial Payment of Judgment.—Agreement to Cancel.*—The agreement to discharge any portion of a judgment in excess of the payment, is a mere *nudum pactum,* and can not, therefore, extinguish the entire judgment. *Deland v. Hiett,* 27 Cal., 611, 87 Am. Dec., 102; *Fletcher v. Wurgler,* 97 Ind., 223; *Weber v. Couch,* 134 Mass., 26, 45 Am. Rep., 274; *Knight v. Cherry,* 64 Mo., 513; *Garvey v. Jarvis,* 54 Barb. [N. Y.], 179.

A judgment can not be considered a disputed amount, after the time of appeal,has passed. Hence a different rule. *Quære.*—W. F. B.