## Call, et al. v. Pinson, et al.

(Decided April 30, 1918.)

### Appeal from Pike Circuit Court.

Accord and Satisfaction—Acceptance by Creditor of Less than Amount of Debt—When Will Amount to Satisfaction of the Debt. —If a creditor accepts a part of his debt before the whole is

due in satisfaction of the whole, or at a different place from where it was payable, or if the whole of the money be due, and he agrees to accept something else, though of less value, in satisfaction of the debt, the agreement will be a bar to a recovery of the residue, but the acceptance of less than the amount of a debt that is due from an insolvent debtor will not be a satisfaction of the debt, although the creditor so agrees.

AUXIER, HARMON & FRANCIS and ROSCOE VANOVER for appellants.

J. P. HOBSON and CHARLES N. HOBSON for appellees.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming on original appeal and reversing on cross-appeal.

The question in this case is a very short one. Pinson, Bales and Smith obtained a judgment in 1894 against Call and McCown for about $190.00, and on this judgment several executions were issued and returned "no property found." It appears, however, that in 1903 Call, acting for Call and McCown, paid to Bales, who was then the owner of the judgment, $75.00, and took from Bales a receipt reading: "Received of J. W. Call $75.00 in full as per agreement for old judgment against W. B. McCown and Company and J. W. Call in favor of myself and others in quarterly court, this Dec. 15, 1903. T. S. Bales." After this, Bales caused an execution to issue on the judgment, which had been credited by the $75.00, and when this execution was levied on the land of Call and the sheriff was about to sell the same he brought this suit to enjoin the sale of the property upon the ground that the judgment upon which the execution had been issued had been satisfied by the payment of the $75.00. The suit was brought upon the theory that, although the judgment was for a much larger sum than $75.00, the acceptance of this amount, in view of the admitted insolvency of Call and McCown at the time the payment was made, was a good accord and satisfaction of the judgment, especially in view of the fact that the receipt for the $75.00 recited that it was in full of the judgment.

The question, therefore, is, does the acceptance by a creditor from his insolvent debtor of a sum less than his debt, amount to a good accord and satisfaction of the debt when it is agreed that the sum paid shall be accepted in full of the debt? We state the issue in this form, because it is so stated by counsel for both parties.

In support of the judgment of the lower court, holding that the acceptance of the $75.00, under the circumstances stated, did not satisfy the judgment, we are referred by counsel for Pinson, the appellee, to the cases of: Jones v. Bullitt, 2 Litt. 49; Vance v. Lukenbill, 9 B. M. 249; Fenwick v. Phillips, 3 Met. 87; Robert v. Barnum, 80 Ky. 28; Arnold v. Park, 8 Bush 3; Muse v. Fraley, 20 Ky. Law Rep. 1936; Mannakee v. McClosky, 23 Ky. Law Rep. 515.

The general rule announced in these cases is that: "If a creditor accept a part of his debt before the whole is due in satisfaction of the whole; or at a different place from where it was payable; or if the whole of the money be due, and there is an agreement to accept something else, though of less value, in satisfaction of the debt; the agreement can not be said to be without consideration, and that would be a bar to a recovery of the residue." And in the Jones, Vance, Muse and Robert cases it is said that the fact that the debtor is insolvent at the time the creditor agrees to and does accept less than the amount of his debt will not prevent him from, thereafter, enforcing the collection of the balance due.

In some jurisdictions a different rule obtains, and it is held that the acceptance, from a debtor who is insolvent or in embarrassed circumstances, of a part payment in full satisfaction of a liquidated debt, is founded on such a consideration that the entire debt is thereby satisfied, provided there has been no fraud or unfair concealment on the part of the debtor. 1 Corpus Juris. 381; Melroy v. Kemmerer, 218 Pa. St. 381; 11 L. R. A. (N. S.) 1018, and note thereto. But we are not disposed to depart from the rule so long followed in this state.

The lower court, although holding that the payment of the $75.00 did not satisfy the judgment, refused to allow any interest to Bales on the balance of the debt from the time the $75.00 was paid. In this, we think, the lower court was in error because if the $75.00 was not a satisfaction of the judgment, it was nothing more or less than a payment of that amount on it, and the balance of the debt remained unsatisfied and bears interest until it is paid.

Wherefore, the judgment is affirmed on the original and reversed on the cross appeal, with directions to enter a judgment in conformity with this opinion.