## Lewis v. Browning.

(Decided March 23, 1928.)

### Appeal from Lewis Circuit Court.

1. Release.—Valid release of one joint obligor in writing, without consent of the other or others, likewise releases them in case re-

lease is valid and binding one so as to destroy right of releasor to subsequently proceed against one released.

2. Accord and Satisfaction.—Acceptance of only a part of a past-due and liquidated demand will not operate as satisfaction of the whole thereof.

3. Release.—Release of one of joint makers of note in consideration of the payment of a certain sum, if made after note became due, neither released such maker nor joint obligor.

4. Judgment.—Where defendant against whom default judgment was rendered on his failure to appear on date of trial was honestly misled as to day on which case was set for trial, in that he assumed case was to be tried on second day of term rather than on second day of month, trial court abused discretion in not sustaining motion to set aside such judgment made on the day after it was rendered.

5. Attachment.—Failure of affidavit for attachment to state nature of plaintiff's claim and that it was just, as required by Civil Code of Practice, section 196, in addition to grounds mentioned in section 194, held fatal to the attachment.

6. Attachment.—Where grounds of attachment stated in affidavit therefor, pursuant to requirement of Civil Code of Practice, sec. 194, were specifically denied in the answer, plaintiff had burden of proof thereof.

7. Attachment.—In action to recover on note executed by joint obligors, ground of affidavit for attachment as to insufficient property to satisfy plaintiff's demand and consequent endangering of its collection held insufficient to authorize attachment against one defendant without also alleging similar ground as against other defendant.

LEE & SNYDER for appellant.

CHAS. B. SPICER for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

On January 17, 1925, the appellant, J. J. Lewis, Jr. (to whom we shall hereafter refer as defendant), and W. H. Browning, who was also a defendant below, executed to J. L. Huff, another defendant below, their joint promissory note, whereby they agreed to pay Huff 60 days thereafter the sum of $1,000, with interest from date. Some time thereafter (but whether before or after the maturity of the note is disputed), the payee therein, J. L. Huff, by written indorsement transferred the note to appellee and plaintiff below, W. L. Browning, the brother of one of its joint makers, and on that day J. L. Huff credited the note with $500, and entered thereon this indorsement: "$500.00 paid by W. H. Browning,

his part in full." Later this action was filed in the Harlan circuit court by plaintiff against defendant, Lewis, and his co-maker, W. H. Browning, to recover the balance due on the note, and in the petition it was alleged as grounds of attachment against defendant, Lewis, that (a) he had sold, conveyed, or otherwise disposed of his property, etc., with the fraudulent intent to cheat, hinder, or delay his creditors, and (b) that he had no property in this state subject to execution or not enough to satisfy plaintiff's demand, and its collection would be endangered by delay in obtaining judgment or a return of no property found.

Ground (a) is contained in subdivision 7 of subsection 1 of section 194 of the Civil Code of Practice, and ground (b) is contained in subsection 2 of the same section of the Code. A motion was made by defendant, Lewis, to discharge the attachment upon the face of the papers, which was overruled, with exceptions. He then filed answer, the first paragraph of which was a denial, and the second paragraph averred that plaintiff procured the assignment of the note to himself after it became due, and after the indorsement attempting to release defendant's co-maker on the note, and that it was without consideration, and averred the facts showing the want of consideration. A reply made the issues and the case was tried on the first day of the regular May, 1927, term of the court, which convened on May 2 of that year. Upon the calling of the case for trial, defendant was absent, and his attorney asked for a postponement of the hearing until a future day because of the absence of his client, who lived a considerable distance from the courthouse. The motion for that purpose was overruled and the cause was heard in defendant's absence upon the testimony of plaintiff and his witnesses only, which resulted in a verdict and judgment against defendant for the balance of the note. On the next day, which was the second day of that term, defendant appeared with his witnesses, and moved that the judgment be set aside, and also filed grounds for a new trial. The court overruled the latter motion, and likewise overruled defendant's motion to set aside what, in effect, was the default judgment against him for the reasons stated in his affidavit therefor, and, complaining of such rulings of the court, defendant prosecutes this appeal.

In the affidavit filed by him on the next day following the trial, and in which he explained his absence on the

previous day, and because of which he sought to have the judgment set aside, defendant stated that he constru'ed the letter of his counsel notifying him of the time of the trial to mean that it was set for hearing on the second day of the *May term*, and not that it was set for trial on the 2d *day of May;* that he had theretofore had consider- able business with the circuit court of his county; and that he had observed that the day upon which a case was set for trial was usually a designated day of the term, and not a day of the month. Acting upon that bona fide belief, he did not appear in court on the day previous (which, as we have seen, was the first day of the May term, but the 2d day of that month), and because thereof he asked that the judgment be set aside, and either set for a later day in the term or continued until the next term. One of the grounds for a new trial in the motion made therefor was, error of the court in overruling the motion made by defendant's counsel for a peremptory instruc- tion in his favor, upon the ground that the attempted release of W. H. Browning from further liability on the note in consideration of his paying $500 thereon operated to release defendant, Lewis, also, and upon this appeal on the merits of the case such rulings of the court are complained of as error.

We will consider them in the reverse order named. It may be conceded that a valid release of one joint obligor in a writing without the consent of the other or others will likewise release them. See Fox v. Hudson's Executrix, 150 Ky. 115, 150 S. W. 49, Ann. Cas. 1914A, 832, and cases therein referred to. But, for that prin- ciple to apply, the release must be a valid and binding one so as to destroy the right of the releaser to subse- quently proceed against the one released for any relief growing out of the execution of the writing. Unless the release is of such binding effect, it will not operate to bar other actions on the writing either against the one at- tempted to be released or any of his co-obligors. The payment on the note by W. M. Browning of the $500 in consideration of which his attempted release on the note was made did not have that effect, unless it was made before the note was due, because the entire demand against him was a liquidated one, and it is well settled that the acceptance of only a part of a past-due and liquidated demand will not operate as a satisfaction of

the whole of it. 1 R. C. L. 184, sec. 15; 1 C. J. 539, sec. 40; Call v. Pinson, 180 Ky. 367, 202 S. W. 883; Northwestern Mutual Life Insurance Co. v. Hanger, 200 Ky. 118, 254 S. W. 326, and Wells v. Thomas, 210 Ky. 785, 276 S. W. 840.

If, therefore, the payment of the $500 made by W. M. Browning on the note, and in consideration of which he was released thereon, was made and done after the note became due, it neither released him nor defendant, Lewis, the other obligor thereon, and, since it did not appear when that payment was made, the motion for a peremptory instruction was properly overruled. However, there should have been an instruction authorizing a verdict for defendant, if that payment and release were made before the due date of the note, in which case, under the authorities, supra, it would be a legal release of W. M. Browning, and, under the doctrine of the Fox case, supra, and others referred to therein, it would also operate as a release of the defendant, Lewis, the other obligor in the note.

In two very recent cases we have had occasion to consider the question of the court's duty in setting aside a default judgment, if application therefor was seasonably made. Those cases are Hackney v. Charles, 220 Ky. 574, 295 S. W. 869, and Short v. Commonwealth, 221 Ky. 181, 298 S. W. 381. Other cases are referred to in those opinions, one of which is Southern Life Insurance Co. v. Johnson, 140 Ky. 485, 131 S. W. 270. The distinction separating the duty of the trial court in the matter of granting a new trial where the applicant was present and presented his side of the case at the trial, and where he was for any cause unavoidably absent, and made application therefor during the term (the latter of which is treated as a default judgment) is clearly pointed out in those cases.

In the Hackney opinion, in expressing the duty of the court in the latter case, we said:

"On the contrary, the setting aside of a default judgment during term time is a matter that addresses itself to the sound discretion of the court, and the relief should be granted in those cases where no intervening rights have arisen between the entry of the judgment and the making of the motion to set it aside, and the ends of justice will be furthered by

setting aside the judgment and having a trial on the merits''—Citing cases.

Upon the same point it was said in the opinion in the Johnson case that:

"This power (to set aside default judgments at the same term of .the court) is not to be exercised capriciously, or granted as a favor, or withheld as a rebuke for shortcoming in practice. It is exercised as a judicial discretion. It will not depend upon whether the party applying can show himself strictly entitled to the legal relief under Code provisions regulating the granting new trials on ground of casualty and misfortune. But it will depend on whether the ends of justice will be furthered, and in a measure whether the party complaining has been guilty of laches such as to close the ear of the court to his application."

There is nothing appearing in this record to show that defendant was not, as he states, honestly misled as to the day upon which his case was set for trial, nor does there appear any fact or circumstance indicating that he was trifling with the court. On the contrary, he made a presentation that on its face produced a probability of its truth, and, if so, there was created a situation calculated to mislead him, and, in the absence of a showing to the contrary, we conclude that the court should have so accepted it. We have seen that the power of the court to set aside such judgments on motions seasonably made should not be "withheld as a rebuke for shortcoming in practice," and under the showing as here made, "where no intervening rights have arisen, . . . and the ends of justice will be furthered by setting aside the judgment and having a trial on the merits," we think the court abused a sound discretion in not sustaining defendant's motion to set aside the judgment made on the day after it was rendered. It could have inconvenienced plaintiff but little, since all his testimony, except that of his own, was by depositions filed as a part of the record of the case.

Defendant also complains that the court erred in not sustaining his motion to discharge the attachment on the face of the papers, and which we think is correct. Section 196 of the Civil Code of Practice requires the affidavit therefor to not only state some of the grounds

mentioned in section 194, but, in addition thereto, "the nature of the plaintiff's claim," and "that it is just." Neither of those statements is contained in the affidavit in this case, and which we have constantly held was fatal to the attachment.   Frick & Lindsey Co. v. Lantz & Ogden, 199 Ky. 354, 251 S. W. 196; First National Bank v. Williams Feed Co., 214 Ky. 31, 282 S. W. 551; Goodin & Barney Coal Co. v. South Elkhorn Coal Co., 219 Ky. 827, 294 S. W. 792, and other cases cited in those opinions.

Moreover, the grounds of attachment were specifically denied in the answer, thereby casting the burden on plaintiff to prove them, but no testimony was introduced on that issue.   In addition thereto, at least one of the grounds (a) for the attachment, i. e., that of having insufficient property to satisfy plaintiff's demand and consequent endangering of its collection, was insufficient to authorize the attachment against the defendant, Lewis, alone, without also alleging similar grounds as against the other defendants.   The exact point was so adjudged by us in the cases of Francis v. Burnett, 84 Ky. 23; Dunn's Trustee v. McAlpine & Co., 90 Ky. 78, 13 S. W. 363, 11 Ky. Law Rep. 884; and O'Connor v. Sherley, 107 Ky. 70, 52 S. W. 1056, 21 Ky. Law Rep. 735.   Whether the same objection would lie to ground (b) for the attachment, i. e., fraudulently selling and disposition by defendant of his property, etc., we need not determine, since we have already seen that the affidavit for the attachment was fatally defective in other respects.   The court, therefore, erred in sustaining the attachment.

Wherefore the judgment is reversed, with directions to set it aside, and for proceedings consistent with this opinion.