## Jarvis' Executrix v. Interstate Coal Co.

(Decided Feb. 5, 1935.)

W. A. HUBBARD for appellant.

WALTER S. LAPP for appellee.

OPINION OF THE COURT BY JUDGE RATLIFF—Affirming.

The appellant, Ellen Jarvis, executrix under the will of W. L. Jarvis, deceased, filed this suit in the Jefferson circuit court to recover of the appellee the sum of $50,500 alleged to be due the estate of her deceased husband. It seems that the deceased, W. L. Jarvis, was a large stockholder in the coal company, appellee herein, and in October, 1920, he was employed by the company as its manager at a salary of $6,000 per year. It seems that much of the time the company was not on a paying basis and Jarvis was paid only a small part of the salary from the time of his employment to March 30, 1929. The balance of his salary was carried on the books of the company. By subsequent pleadings, the issues were made and the deposition of A. P. Sikking, secretary of the company, was taken and it was disclosed that the company was indebted to Jarvis at the time of his death in the sum of $41,538.11, subject, however, to the conditions hereinafter set out.

At the same time of the filing of this action, appellant filed another action against the appellee company seeking to recover of it the sum of $2,265.72 for services which she alleged she rendered the company after the death of her husband.

After numerous preliminary motions and steps had been taken in the case and a jury had been impaneled to try the issue, an agreement was reached between the appellee company and Mrs. Jarvis, as executrix of her husband's estate and in her own right with respect to her individual suit, whereby both cases were to be settled as provided in the contract, as follows:

"This agreement made and entered into by and between Interstate Coal Company, a corporation, party of the first part, of Uniontown, Kentucky, and Ellen Jarvis, party of the second part, and Ellen Jarvis, Executrix under the will of W. L. Jarvis, deceased, party of the third part,

"That the party of the second part has a suit against the party of the first part in the Jefferson Circuit Court, Common Pleas Branch, First Division, #195767 and the party of the third part has a suit against the party of the first part in the Jefferson Circuit Court, Common Pleas Branch, Fourth Division #195768,

"In consideration of the mutual agreement herein set forth it is hereby agreed that action #195767 shall be dismissed by the party of the second part,

"It is further agreed that a judgment shall be drawn in action #195768 whereby party of the third part shall recover from the party of the first part the sum of $41,538.11 together with the costs of said action; said judgment to be placed in escrow with Eugene Hubbard, attorney for the party of the third part and shall not be entered so long as the party of the first part complies with the terms of this contract.

"The party of the first part agrees that in consideration of the agreements of parties of second and third part that upon the signing of this agreement it will pay to the party of the second part the sum of $500.00 in cash and thereafter on or before the 23rd day of each month it will pay to

the party of the second part the sum of $100.00, until the full amount of $1,665.72 is paid and when such sum is paid by the party of the first part an order shall be entered in action #195768, dismissing said action settled.

"In the event that the first party shall default for a period of ten days after any payment is due under this agreement the party of the third part shall have the right to enter the judgment referred to herein.

"It is further agreed between the parties hereto that the said sum of $41,538.11 claimed by the party of the third part in action #195768 as being due and owing her for back salary earned by her deceased husband, W. L. Jarvis, is not now due and payable but that same shall be due and payable only in the event that the affairs of the party of the first part are placed upon a paying basis and that the party of the third part shall be entitled to receive said sum before any distribution or dividends are paid to the holders of the common stock of the party of the first part after the bonded indebtedness and preferred stocks are taken care of the party of the third part shall be entitled to sums herein set forth before any distribution of assets are made to the holders of the common stock. All claims of each party to this agreement of every kind are hereby agreed to be mutually settled, satisfied and discharged."
(Signed by the parties.)

Pursuant to the above contract, the appellee paid to appellant's attorneys the sum of $500 and thereafter promptly paid the sum of $100 each month until the total sum therein provided was paid.

After this sum had been paid and the contract had been fully complied with, counsel for appellant then moved the court to enter the judgment of $41,-538.11, which motion was resisted by appellee on ground that it had fully complied with the contract, and, according to the terms thereof, appellant's action, as executrix under the will of her deceased husband, should be dismissed settled, and asked that a rule be awarded against appellant and her attorney to show cause why they should not enter an order dismissing the case settled by virtue of the contract agreement.

Appellant and her attorney, for response to the rule, pleaded that the agreement was without consideration, void, and of no effect. Upon consideration of the respective motions, the court sustained appellee's objections to the entrance of the judgment tendered, and further adjudged that appellant's response was insufficient and ordered the action dismissed. Counsel for appellant then moved the court to dismiss the action without prejudice, to which appellee objected, and the court sustained the objections and entered judgment dismissing the action by virtue of the agreement.

For grounds of reversal, it is urged that (a) that there was no consideration to support the settlement of appellant's claim of $41,538.11 alleged to be due her decedent's estate, and (b) that the court should have permitted plaintiff to dismiss her action without prejudice.

(a) We cannot agree that there was no consideration in support of the agreement. It appears that appellant's personal claim was in dispute and there was no final settlement or adjudication of this particular claim, and the other claim was also taken into consideration, and the sum so paid was in consideration of the settlement of both claims. The tentative agreed judgment of $41,538.11 was to be entered and payable only upon condition that the appellee failed to carry out its agreement to pay $1,665.72. And it was further agreed in the contract of settlement that the claim of $41,538.11, representing the alleged salary due appellant's decedent, was not then due and payable, but should be due and payable only in the event that the affairs of the appellee company were placed upon a paying basis and after preferred obligations of the company had been taken care of. There was no showing or claim that this had been done.

Appellant was represented by able counsel and voluntarily entered into the agreement of settlement of the controversial claims, and after appellee had strictly complied with all the terms of the contract and appellant had accepted the benefits thereof, the tentative or conditional judgment for the other claim had then served its purpose, and very clearly appellant was not entitled to have it entered. She complains of no fraud or other wrongful methods in the obtension of the agreement and offers no defense thereto other than lack of consideration. In view of our conclusion that there

was sufficient consideration to support the agreement, it follows that the court did not err in refusing to allow her to enter that judgment.

In support of appellant's contention, there are cited in brief cases of Myers v. Korb, 50 S. W. 1108, 21 Ky. Law Rep. 163; Cox v. Adelsdorf, 51 S. W. 616, 21 Ky. Law Rep. 421; Huff v. Logan, 60 S. W. 483, 22 Ky. Law Rep. 1314; Black v. O'Hara, 175 Ky. 623, 194 S. W. 811; Lewis v. Browning, 223 Ky. 771, 4 S. W. (2d) 734.

Cox v. Adelsdorf, supra, involved the question of settlement of claim by the attorney without his client's consent. In the case at bar, the appellant consented to and joined in the agreement of settlement, which distinguishes it from the case supra. Other cases cited, supra, involved the obligations of parties to notes, and the facts and law applicable to such transactions do not apply to the case at bar.

(b) It is the general rule, with rare exceptions, that a party has the right to dismiss his action without prejudice provided such motion is made before the cause has been submitted to the court or jury. It appears from the record that the court had ruled upon appellee's motion to dismiss the cause and had ordered it dismissed before appellant made her motion to dismiss it without prejudice, and therefore the motion came too late. Section 371, Civil Code of Practice, and cases cited thereunder.

Ordinarily, no harm can result to a defendant by the dismissal of the plaintiff's action without prejudice. But under circumstances where the defendant has acquired substantial rights which would be affected by a dismissal of the plaintff's action without prejudice, it should not be allowed. Whalen's Ex'rs v. Moore et al., 248 Ky. 348, 58 S. W. (2d) 601.

Appellee, pursuant to the agreement of settlement of both claims, had parted with its money, and to permit appellant to retain the money so received and to allocate it to the settlement of her personal claim only would be prejudicial to a substantial right acquired by appellee under the agreement which had been fully performed.

For reasons indicated, the judgment is affirmed.