JOSIAH S. POTTER *vs.* BARTON M. DOUGLASS.

Where a debt is unliquidated the acceptance by the creditor of money tendered by the debtor as "in full of all account," precludes the creditor from recovering more.

And this although the creditor declares at the time that he receives it only to apply on the debt, so long as the debtor does not assent to his so receiving it.

ASSUMPSIT for work done; brought to the Court of Common Pleas in Hartford County.   The following facts were found by a committee.

The plaintiff in May, 1873, moved a building for the defendant, with no agreement as to the price to be paid him, but his services were worth $325.   The defendant had an account

against the plaintiff of $156.36 for certain ferriages of the plaintiff and his teams and men. In addition to this the defendant paid him $100 on account, prior to December 11th, 1874, and on that day paid him $45 more, under the following circumstances. The plaintiff and defendant met at the office of an attorney on that day, and the defendant then tendered the plaintiff $45, saying to the plaintiff that he tendered it in full of all debts and accounts. The plaintiff at first refused to receive the money, upon the ground that it was not enough, and so stated to the defendant, but the attorney said to him in the presence and hearing of the defendant, that it was always safe to receive money upon account, and thereupon the plaintiff received the money, intending to apply it on account, and signed the following receipt: "Rec'd, East Windsor, December 11, 1874, of B. M. Douglass, forty-five dollars to apply on account. J. S. POTTER." The plaintiff handed the receipt to the defendant, but he refused to receive it because it was a receipt on account, and went away leaving the receipt in the office of the attorney. The committee found the sum of $23.64 due the plaintiff unless the acceptance of the $45 barred him from recovering anything more, in which case it was found that nothing was due the plaintiff.

The defendant claimed in court, upon the acceptance of the report of the committee, that the payment and acceptance of the $45 was, upon the facts found, an accord and satisfaction between the parties and a payment in full of the plaintiff's claim, and that the defendant was entitled to judgment. The court, (*McManus, J.,*) overruled the claim and rendered judgment for the plaintiff to recover the sum of $23.64 and interest. The defendant brought the record before this court by a motion in error, assigning as error this ruling of the court.

*J. W. Johnson*, for the plaintiff in error, cited *Donohue* v. *Woodbury*, 6 Cush., 150; *Reed* v. *Boardman*, 20 Pick., 441; *McGlynn* v. *Billings*, 16 Verm., 330; *McDaniels* v. *Lapham*, 21 id., 235; *Cole* v. *Champlain Transportation Co.*, 26 id., 87; *McDaniels* v. *Bank of Rutland*, 29 id., 230; *Preston* v. *Grant*, 34 id., 201; *Towsley* v. *Healey*, 39 id., 522; *Jennings*

v. *Major*, 8 Car. & P., 61; *Gordon* v. *Cox*, id., 172; *Sutton* v. *Hawkins*, id., 259; *Hastings* v. *Thorley*, id., 573; *Wilkinson* v. *Byers*, 1 Adol. & El., 113.

*E. Johnson* and *S. O. Prentice*, for the defendant in error.

It is essential to an accord and satisfaction that there should be both an accord and a satisfaction. There must be an offer upon the one side and an acceptance upon the other, both of which must be full, complete, and executed. 1 Swift Dig., 299; 2 Parsons on Cont., 682; *Clark* v. *Dinsmore*, 5 N. Hamp., 136. An accord and satisfaction is a new agreement or contract between the parties, and it must have all the essentials and requisites of a contract. It is in the nature of a compromise, whereby, by mutual assent, a different obligation is substituted, or a different performance undertaken or had. Nothing results until there is this mutual assent, and this assent is determined and ascertained as in the case of any other contract. The same rules of interpretation and certainty are applicable. 1 Swift Dig., 299; 2 Parsons on Cont., 681; *Miller* v. *Holden*, 18 Verm., 340. To constitute an agreement or contract, there must be an assent by both parties to the same thing in the same sense. This assent must be unconditional, unequivocal, and the acceptance must be without variance from the proposal. 1 Parsons on Cont., 475; *Hartford & N. Haven R. R. Co.* v. *Jackson*, 24 Conn., 514. If an offer is accepted with modifications, it amounts to a rejection. 1 Parsons Cont., 476. To constitute an acceptance there must be an act of the will in the party receiving or accepting. *Hardman* v. *Bellhouse*, 9 Mees. & W., 596, 600; *Hartford & N. Haven R. R. Co.* v. *Jackson*, 24 Conn., 518. The question then arises whether, judged by these universal tests, the facts disclose an agreement, express or implied, on the part of the plaintiff to receive the $45 in full satisfaction and liquidation of his claim. 1st. There was no *express* assent. 2d. There was no *implied* assent. The statements and conduct of the plaintiff throughout show, and at the time must have shown the defendant, that nothing was farther from his purpose than to accept the amount in full. The committee

finds as a fact that such was not his intent.  The law can imply nothing which contradicts the statements and conduct of the party at the time, especially when these statements and conduct were known to the other party in interest.  The law raises implications only in the absence of that which is express. 3d.  The modification of the defendant's offer by the plaintiff operated as a rejection of the offer as made.  The minds of the parties therefore never met upon any terms, and there could have been no agreement, assent or satisfaction, either in fact or in law.  The $45 remained in the plaintiff's hands subject to the call of the defendant, or, if not called for, to apply in reduction of the plaintiff's claim *pro tanto*.  In none of the books, so far as we are aware, can a case be found which goes to the extreme asked by the defendant in this case. The Vermont decisions stand alone in the ultra position they have taken.  But there is a wide distinction between even those cases and the claim here.  The facts upon which the Vermont cases have found an accord and satisfaction, are widely different from the facts before us, and the decisions are so qualified as to be altogether inapplicable to the present case. This becomes apparent when we compare certain other cases in the same state, in which, upon facts almost identical with the present, the same court has held that there was no accord and satisfaction.  *Miller* v. *Holden,* 18 Verm., 340;  *Gassett* v. *Andover,* 21 id., 342;  *Preston* v. *Grant,* 34 id., 201.  In our own state there have been no decisions which give any countenance to the claims of the defendant.  On the contrary the whole tenor of our law is opposed to them.  It has always been held and considered safe to receive money on account. 1 Swift Dig., 291.

PARK, C. J.  There is a material difference between receiving money duly tendered, and receiving it when offered in full of an unliquidated claim.  In the one case there is no condition attending the tender, and in the other there is a condition, which the party receiving the money must comply with, or he has no right to receive it.  In the one case the party receiving the money may sue for more, if more is due

him, but in the other case, the offer being in full of the claim if the money is received, the law regards it as in full, and the party cannot recover more, even if more is due him. In the one case it is always safe to receive the money, for no hazard is incurred in doing so, but it is not so in the other case, if the party taking the money claims a greater amount due him. In the case of *Gordon* v. *Cox*, 7 Car. & P., 172, Coleridge, J., in summing up said to the jury, "With respect to the question of tender, I should tell you that a party may do one of two things—he may resist a claim altogether, or tender a less sum; but if he take the latter course he must not encumber his tender with the condition that the other party shall accept the money in full discharge of the debt, because that is putting the person who receives the money under the disadvantage of never being able to claim more, even if he is entitled to a larger sum." In the case of *Sutton* v. *Hawkins*, 8 Car. & P., 259, Alderson, B., held that if a person offers a sum "as all that is due," he does not make a good tender. A party by accepting a sum properly tendered does not thereby compromise his future claim to a larger sum, which he would do, if he took a sum offered "as all that is due." In the case of *Hastings* v. *Thorley*, 8 Car. & P., 573, where a tender was made in these words, "I tender you £21 in payment of the half year's rent due at Lady-day last," the court said, "We are of the opinion that this was not a lawful tender, because, if the party had received this money, he would, by receiving it, have admitted that that sum was the amount of a half year's rent." There are several cases in Vermont to the same effect.

It appears in this case that the parties were in controversy in regard to the amount due the plaintiff from the defendant, growing out of the removal of a certain building for the defendant. There was no special agreement between the parties in relation to the amount the plaintiff was to receive for his services, and he was therefore entitled to receive what they were reasonably worth. In this state of things there was of course room for disagreement as to what was justly due the plaintiff, and the parties in fact disagreed with regard

---

Potter v. Douglass.

---

to it.   The defendant, after paying the plaintiff something on account, and applying a debt due him from the plaintiff in part satisfaction of his claim, offered the plaintiff the sum of forty-five dollars in full of his account.   The plaintiff at first refused to receive the money, on the ground that it was not enough, but after being advised by a person present that it was always safe to receive money on account, received it, intending to apply it on his account, and wrote a receipt to that effect and offered it to the defendant.   The defendant refused to receive it because it stated that the money was received on account.   The plaintiff however kept the money, and the parties separated.

There seems to be little room for question as to what the law is upon these facts.   The money was offered by the defendant in full of the plaintiff's claim, and there is nothing whatever in the finding tending to show that he consented to its being received on account.   Indeed his last act at the interview, as stated in the finding, was a refusal to accept the receipt written by the plaintiff, because it stated that the money was received on account.   It would not be claimed that the plaintiff could compel the defendant to accept such a receipt and acquiesce in his keeping the money on account, and it is equally clear that he could not keep the money on account without the defendant's consent.   The plaintiff kept the money, and he kept it when offered in full of his claim. It must therefore be regarded as taken in full, notwithstanding any mental reservation to the contrary, or even express declaration, on the part of the defendant.   He did not offer to return the money at the time, nor has he offered to return it since.   Doubtless the object which the defendant had in view in making the offer, was to avoid the present controversy.   He would rather buy his peace by paying a sum of money that he did not owe, than to defeat the plaintiff at the end of an expensive and irritating lawsuit.   At the time the offer was made it was wholly uncertain what the balance of the account would be, inasmuch as the claim of the plaintiff was unliquidated.   Doubtless the probabilities were as favorable to the defendant for a balance in his favor as they were

Potter *v.* Douglass.

to the plaintiff. But however this may be, the inquiry is, how did the plaintiff receive the money? He has had it a number of years. Did he receive it on account, in spite of the defendant's claim that he should take it in full? This will hardly be claimed. But he has appropriated it to his own use, as his own money, and how could this lawfully be done when there are but two ways in which the money could become his—one by receiving it on account with the defendant's consent, and the other by receiving it in full satisfaction of his claim? It follows, therefore, if the money was not received on account, that it was received upon the condition attending the offer, and the plaintiff is therefore debarred from recovering the remainder of his claim.

There is manifest error in the judgment complained of.

In this opinion the other judges concurred; except CARPENTER, J., who dissented.

[The cases of this term will be continued in the next volume.]