JAMES BLAKE *vs.* CHAUNCEY E. BALDWIN.

Hartford District, Jan. T., 1886. PARK, C. J., CARPENTER, PARDEE, LOOMIS AND GRANGER, JS.

Sundry parties, some of whom had attached and others were about to attach certain personal property of a debtor, and others of whom were threatening to carry the debtor into insolvency, agreed that the property should be sold by the officer who held it, upon executions obtained by some of the parties, and that the proceeds should be divi-

ded by him among them *pro rata*. The property was located in different towns of the county, but it was agreed that it should all be sold together in one of the towns. After the property had been sold the parties disagreed as to whether by the agreement a certain creditor was to participate. By the delay the time for carrying the debtor into insolvency had passed. The officer decided that the creditor in question was entitled to participate, and distributed the money on that basis, accompanying the payment with a written statement of the total amount of the fund and of the sums to be paid to each claimant, such payments exhausting the fund. In a suit brought against the officer by a creditor who had objected to the basis of distribution, but had received the money offered him, it was held—1. That the agreement had wholly superseded the rights of the parties as attaching creditors. 2. That the plaintiff by receiving the money in the circumstances had accepted it as his share. 3. That the sale of the property by the officer, though in form an official sale, was yet made by him under the agreement of the parties and as their agent, and that his compensation was to be a reasonable sum, and was not limited to the statutory fees of an officer.

[Argued January 22d—decided February 12th, 1886.]

ACTION to recover money due; brought by appeal from a justice of the peace to the Court of Common Pleas in Litchfield County, and there tried to the court before *Warner, J.* Facts found and judgment rendered for the defendant. Appeal by the plaintiff. The case is sufficiently stated in the opinion.

*G. A. Hickox*, for the appellant.

*L. J. Nickerson*, with whom was *J. Huntington*, for the appellee.

PARDEE, J. The plaintiff attached the property of Elias R. Hart, situated in the towns of Cornwall and Litchfield, and obtained a judgment against him for $100 and costs. Subsequently E. D. Goodwin attached the same property and obtained a judgment against Hart for $100 and costs. Then H. Clemens placed in the hands of the officer an execution against Hart for about $37. The plaintiff was also informed that Hart owed S. Pratt $100 and G. Hall a like sum, and that each of them threatened to put the debtor

into insolvency. The plaintiff, for the purpose of preventing other creditors of Hart from obtaining any part of his property, proposed a meeting of those above named. Hall and Goodwin met the plaintiff, who also acted for Pratt, at the office of A. D. Warner, who was the attorney for Hall and Goodwin, and they agreed that the defendant, a deputy-sheriff, should sell at Litchfield the property attached, on executions, deduct expenses, and pay the surplus *pro rata* to certain creditors, some of whom had liens and some of whom had not. The plaintiff, Hall and Goodwin all understood the arrangement to include debts due to the plaintiff, Hall, Goodwin, Clemens and Pratt. Hall, Goodwin and Warner understood that it also included a debt of $14.50 due to Warner; the plaintiff did not understand that it did. The defendant sold the property, deducted expenses, and paid the plaintiff, Hall, Goodwin, Pratt, Clemens and Warner *pro rata*, the plaintiff objecting to the last payment. He claims that the payment to Warner was not authorized by the agreement, and in his bill of particulars charges the defendant for balance of money collected, $35; also for money paid by the plaintiff for the defendant, $2. The defendant had judgment, and the plaintiff appealed.

When the fact of this misunderstanding came to light the time had passed when the parties could place themselves in their original positions. So far forth as Goodwin was concerned the agreement had been executed; he had parted with his right to compel the plaintiff to share with him and all other creditors equally in the assets of the debtor; the plaintiff had secured and proposed to retain for himself a percentage upon his claim larger than he would have received but for this executed agreement; the property had been sold and the attendant expenses paid, never to be recovered. The defendant was in possession of the balance rightfully, by the joint consent of the plaintiff and all other persons having claims upon it, to be divided by him. All these had united in setting aside the statutory rule of division upon good considerations mutually paid and received; therefore it cannot be restored except by unanimous con-

sent; this has not been obtained. The plaintiff in this action has undertaken to enforce a substitute rule; but the parties who agreed to and did set aside one rule were not agreed as to the substitute. Proof of a misunderstanding does not entitle him to a judgment.

Again, the plaintiff claims that a certain sum was due to him from the fund. Hall, Goodwin and Warner claimed that his share was a lesser sum. There being neither judicial determination nor controlling voice among the parties, it fell upon the defendant, the holder of the fund, to adopt a rule of division. He determined that the plaintiff was not entitled to the sum demanded by him. Therefore there was an unliquidated claim; a disagreement between the party entitled to receive and the one under obligation to pay. The defendant then paid a sum to the plaintiff, accompanying the payment was a written statement of the total amount of the fund and of the amounts which he intended to pay or had paid to the plaintiff and to each of the other claimants, showing that these sums would exhaust it. This was a very explicit notice to him that the payment was made in full; that no more was due; that no more would or could be paid. Two courses were open to him; he could return the money or he could keep it; but, if he chose the latter, he kept it with the impress stamped upon it by the payor of payment in full. He kept it, and thus barred any further recovery. *Potter* v. *Douglas*, 44 Conn., 541.

The plaintiff also claims that the defendant diminished the fund by receiving sums as fees illegally. But the sale at Litchfield of all the property attached, although under the forms of law, was in reality under the private arrangement, outside of the law, between the execution creditors and the defendant. Therefore there is no place for a controversy as to what fees the statute would allow; it is simply a matter of reasonable compensation for unofficial services. On this point the finding is silent.

There is no error in the judgment complained of.

In this opinion the other judges concurred.