BRADLEY N. FOGIL *vs.* WILLIAM H. BOODY.

First Judicial District, Hartford, October Term, 1903.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

A party's claim for damages or other relief, while open to demurrer, is not subject to a formal denial. The claim is, however, denied in effect, by a general denial of the allegations constituting the alleged cause of action.

Where the amount of a pecuniary demand is unliquidated or in dispute, it is not open to the defendant, under a general denial, to prove that he paid and that the plaintiff received a sum less than that claimed, upon condition that it should be taken as payment in full. Such a transaction operates as an accord and satisfaction, which must be specially pleaded.

Argued October 9th—decided December 18th, 1903.

ACTION to recover a balance claimed to be due as wages, brought by appeal from a justice of the peace to the Court of Common Pleas in Hartford County and tried to the jury before *Coats*, *J.* ; verdict and judgment for the plaintiff, and appeal by the defendant. *No error.*

Fogil v. Boody.

*George B. Thayer*, for the appellant (defendant).

*A. Storrs Campbell*, for the appellee (plaintiff).

TORRANCE, C. J.   The amended complaint in this case alleged, (1) that in May, 1902, the defendant hired the plaintiff by the month at the rate of $25 ; (2) that the plaintiff entered upon said contract and continued to work five months at said rate per month, when he was discharged by the defendant ; (3) that the defendant paid the plaintiff $100 ; (4) that the plaintiff claims a balance due of $25, ·for which amount with costs he prays judgment.

The answer denied the first two paragraphs, admitted the third, and was silent as to the fourth.

At the opening of the trial the defendant moved to amend his answer so as to deny the fourth paragraph, but the court ruled that such amendment was unnecessary ; and this ruling is assigned for error.   The amended complaint, as required by the Practice Act, contained, (1) a statement of the facts constituting the cause of action, and (2) a demand for the relief to which plaintiff supposed himself to be entitled.   General Statutes, § 607.   The cause of action was stated in the first three paragraphs of the complaint, and the demand for relief was stated in the last.

Issues of fact may be taken upon the allegations constituting the cause of action, but no such issues can be taken upon the statement of the demand for relief.   It may be demurred to, but not denied by way of answer.   The defendant denied the existence of the cause of action alleged, and thereby in effect denied the right of the plaintiff to the relief sought ; and this gave him all he sought to obtain by his motion to amend his answer.   The trial court did not err in refusing to allow the amendment.

The other errors assigned relate to a single point, namely, whether under the pleadings the defendant was entitled to prove that the plaintiff had accepted and received a certain sum of money from the defendant upon the condition that it should be in full of his claim.   It was admitted by the plead-

ings that the defendant had paid the plaintiff $100.   The evidence tended to show, (1) that when the defendant discharged
the plaintiff there was a dispute between them as to the
amount then due to the plaintiff, the plaintiff claiming that
it was $59.75, the defendant that it was only $34.75 ; and
(2) that the defendant then paid said last-named sum to
the plaintiff, which was part of the $100 admitted to have
been paid.   The defendant offered evidence tending to prove
that said sum of $34.75 was paid to and accepted by the
plaintiff upon condition that it should be in full for his
services and in full of all accounts.   In other words, he
offered evidence tending to prove a state of facts which had
the effect and operation of an accord and satisfaction.

Where a claim is unliquidated or in dispute, the payment
of a sum less than the amount claimed, upon condition that
it shall be taken in full payment of the claim, operates as an
accord and satisfaction, if received and retained by the
creditor, even though he protests at the time that the
amount paid is not all that is due or that he does not accept
it in full of his claim.   *Potter* v. *Douglass*, 44 Conn. 541 ;
*Bull* v. *Bull*, 43 id. 455 ; 1 Cyc. of L. & P., p. 333, and
cases there cited.   The trial court held that the defense
thus attempted to be proved by the defendant was not
available to him, because he had not, as required by the rule
under the Practice Act, specially pleaded it.   That rule
provides that under an answer by way of general denial, as
here, no facts can be proved "except such as show that the
plaintiff's statements of fact are untrue " ; and that such a
defense as the one attempted to be set up by the defendant
must be specially pleaded.   Rules Under the Practice Act,
4, § 6.   The defendant failed to comply with this rule, and
when met by it made no attempt to conform to it, and the
trial court very properly held that the defense was not
available to him.

There is no error.

In this opinion the other judges concurred.