LOUISA M. TRIPP *vs.* INHABITANTS OF WELLS.

York.    Opinion February 26, 1908.

*Town.   Defective Way.   Injuries.   Burden of Proof.   Due Care.*

1. To maintain an action against a town for injuries alleged to have been caused by a defect in a highway, it is incumbent on the plaintiff to prove affirmatively his own due care in the premises. It is not enough that there was no evidence of want of due care.

2. Even though from the evidence it could be inferred that the plaintiff was observing due care, yet, if it could be inferred with equal reason that he was not observing due care he fails to sustain his burden of proof.

3. Where the plaintiff's horse, which he was driving, left the traveled part of the highway, went across the sidewalk and fell over the outer edge of the sidewalk into a swale below, to the injury of the plaintiff, and no explanation is given for such conduct, the plaintiff has failed to prove affirmatively his own due care in the premises, and hence cannot maintain his action.

On motion by defendants.    Sustained.

Special action on the case brought under the provisions of Revised Statutes, chapter 23, section 76, to recover damages for

injuries alleged to have been received by the plaintiff through a defect in a public way which the defendant town was obliged by law to keep in repair.   Plea, the general issue.

Tried at the January term, 1907, Supreme Judicial Court, York County.   Verdict for plaintiff for $1,210.08.   Defendants then filed a general motion to have the verdict set aside.

The case appears in the opinion.

*William M. Tripp and Geo. F. & Leroy Haley*, for plaintiff.

*E. P. Spinney and Cleaves, Waterhouse & Emery*, for defendants.

SITTING:  EMERY, C. J., WHITEHOUSE, SAVAGE, SPEAR, CORNISH, KING, JJ. ·

EMERY, C. J.   This was an action upon the statute ·to recover damages for injuries alleged to have been received by the plaintiff through a defect in a public way which the defendant town was obliged by law to keep in repair.   The practically uncontroverted · situation was substantially this:   The public way was a highway from Ogunquit to Wells Village.   At one place it crossed over a brook called Goodale's Brook bridged by a culvert covered with earth.   The road for most of the way was some fifty-five feet between fences, with a wrought way of the usual width.   The culvert was thirty-one and a half feet long.   On the westerly side of the road was a plank sidewalk across the end of the culvert and extending some seventy-five feet each way from it.   This sidewalk was four or five feet wide, and was bordered on the inner or road side with small bushes or vines.   Its surface was nearly even with the surface of the traveled part of the road.   On the outside the sidewalk was bordered by a railing.   At the culvert, and for some distance either side, the wrought part of the road was of the usual width.   The road was graveled and was free from defects in the part used by teams, automobiles, etc.   It was nearly straight, curving a trifle to the right as one passed the culvert going to Wells Village.   The plaintiff was familiar with the road at this locality, having passed over it many times.   She knew the sidewalk was there.

After dark on the evening of Nov. 26, 1905, the plaintiff was driving her horse and single buggy along this road in the direction of Wells Village, and was approaching this culvert, the sidewalk and the railing beyond it being on her left. In some way, from some cause, the horse left the traveled part of the road, crossed the sidewalk and fell over into the brook or swale below, dragging the buggy and the plaintiff after him to her injury. The place where the horse fell was at or a little beyond the end of the culvert. A witness (for the plaintiff) who observed the wheel tracks of the buggy the same evening testified that they came along the road "a natural sweep" to near the place of the accident and there left the traveled part of the road at an angle of forty-five degrees.

The plaintiff claimed that at the place where her horse went over the sidewalk into the brook or swale below, the railing was defective, and that that defect was the proximate cause of her injury. Before considering that question, however, it is expedient to inquire whether the plaintiff has presented enough evidence to sustain a preliminary proposition of fact essential to her case, viz: that she was herself in the exercise of the requisite degree of care. The burden is on her to prove that proposition affirmatively. It is not enough that there is no evidence of her want of such care. If there is no evidence either way, the plaintiff fails to sustain her burden. *Crafts* v. *Boston*, 109 Mass. 519, 521; *Mosher* v. *Smithfield*, 84 Maine, 334, 336.

The plaintiff's horse that she was driving left the road, crossed the sidewalk and fell off the outer side of that walk into the brook or swale below. Had the horse kept the road which was safe, there would have been no falling off the sidewalk and no injury. Clearly the burden is on the plaintiff to account for this conduct of the horse and to show affirmatively that she exercised due care to prevent it. The only evidence she offered was her own testimony as follows: "Well, as far as I know, I drove out of Mrs. Littlefield's yard on the highway and drove along until I found myself tumbling; that is all I know. Without a moment's warning I went over this bank. I supposed I was in the middle of the road."

On cross-examination she testified that she was able, despite the

darkness, to drive out from Mrs. Littlefield's place into the highway and turn in the highway toward her home, and after that she knew nothing more until she was tumbling over the bank, except that she "was driving the horse."

This evidence manifestly does not sustain the plaintiff's burden of affirmatively proving her own due care in the premises. Even if from this evidence it could be inferred that she was using due care to guide her horse and keep him in the road, it could be equally well if not more reasonably inferred that she was inattentive and not minding her horse. The circumstances are as consistent with negligence as with care in the manner of her driving at the time of the accident. "Where different inferences are deducible from the same facts which appear and are equally consistent with those facts, it cannot be said that the plaintiff has maintained the proposition upon which alone she would be entitled to recover." *Mosher* v. *Smithfield*, 84 Maine, 334, 337. The cause of the horse leaving the road is not explained, but left to conjecture. The evidence does not indicate any one cause more than another. Even if it does not show that the plaintiff was inattentive, and hence careless, it does not show affirmatively that she was not, and this latter lack in the evidence is fatal to her action. *McLane* v. *Perkins*, 92 Maine, 39, page 48.

The legal conclusion is that for want of evidence showing affirmatively her own due care in the premises, the verdict cannot be sustained.

*Motion sustained.*
*Verdict set aside.*