T. M. PARTRIDGE LUMBER COMPANY, APPELLANT, V. PHELPS-
BURRUSS LUMBER & COAL COMPANY, APPELLEE.

FILED MAY 13, 1912. No. 16,695.

1. Compromise and Settlement: TENDER: ACCEPTANCE. "Where a
certain sum of money is tendered by a debtor to a creditor on
the condition that he accept it in full satisfaction of his demand,
the sum due being in dispute, the creditor must either refuse the
tender or accept it as made, subject to the condition. If he ac-
cepts it, he accepts the condition also, nothwithstanding any
protest he may make to the contrary." *Treat v. Price*, 47 Neb.
875.

2. ———: CONSIDERATION. "When there is a *bona fide* dispute between
parties as to the amount due upon an account, and the debtor
tenders a less amount than the claim in full settlement, which
the creditor accepts, with knowledge that it was tendered as a
full settlement, the dispute will be a sufficient consideration to
uphold the settlement, and will bar a recovery upon the re-
mainder of the claim." *Chicago, R. I. & P. R. Co. v. Buckstaff*,
65 Neb. 334.

APPEAL from the district court for Lancaster county:
LINCOLN FROST, JUDGE. *Affirmed.*

*Burkett, Wilson & Brown*, for appellant.

*Charles S. Roe*, contra.

REESE, C. J.

This action was commenced before a justice of the peace. The amount of plaintiff's claim is $95.60. The case was appealed to the district court, where a trial was had to the court which resulted in a finding that there had been an accord and satisfaction, and a judgment dismissing the case. Plaintiff appeals to this court.

The action is founded upon the sale of a car-load of cedar telephone poles, the price of which was $570.30 delivered in Lincoln. Defendant paid $150.80 freight charges, and remitted $323.90, making a total of $474.70. One of the principal issues presented by the pleadings was whether there had been an accord and satisfaction of the demand. The correspondence between the parties shows that the poles were warranted to be up to certain specifications as to size and quality, that plaintiff insisted upon an inspection before shipment, and defendant insisted upon inspection at the point of delivery. The poles were shipped, and upon their arrival in Lincoln they were inspected and some were rejected. There was a dispute as to the right of defendant to inspect the poles at Lincoln and also as to the quality of the poles shipped. On January 11, 1908, defendant sent plaintiff a check for $323.90, accompanied by the following letter:

"Inclosed herewith find check for $323.90 from the Phelps-Burruss Lbr. & Coal Co. in settlement with the Nebraska Telephone Co. for car of white cedar poles which you shipped in car M. & I. No. 1127.

"53  7"  top  25'  white cedar poles @ $2.63 . . . . . . . $139.39
  34  7"   "   35'    "      "      "      "    8.25 . . . . . . . $280.50
   3  6"   "   20'    "      "      "      "    1.38 . . . . . . . $  4.14
   9  7"   "   30'    "      "      "      "    5.63 . . . . . . . $ 50.67

                                                      $474.70
          Less  freight  . . . . . . . . . . . . . . . . . . . . . . . .  $150.80

                                                      $323.90

"The following is a list of the poles rejected and are here on hand subject to your order:

"4—7" top 25' white cedar poles.

  7—7"  "  35'  "  "  "

"The above rejected poles are all dead timber as per report made by the Nebraska Telephone Co., and are therefore worthless as telephone poles, and are not admissible by the Northwestern Cedarmen's Association grading rules. (Signed.)

"P. S.  The above rejected poles are here in the Phelps-Burruss Lbr. yard subject to your inspect and order."

The check was received and the money retained by plaintiff, but a letter was sent defendant saying that it was not received in full payment, but on account, and that an inspection of the rejected poles would have to be made by an officer of the association of which plaintiff appears to have been a member. An inspector came from Des Moines, looked over the rejected poles and reported to plaintiff, but the report was not entirely satisfactory owing to there being some poles upon which the brand or hammer mark of plaintiff did not appear. It cannot be fairly contended, we think, that plaintiff did not understand that the $323.90 was sent in full satisfaction of all demands. If so, one of two courses was open to it—either retain the money as a full satisfaction, or return the check and sue for the whole amount claimed to be due. It chose the former course. Having retained the money, the stated purpose of the sender would control.

In *Chicago, R. I. & P. R. Co. v. Buckstaff*, 65 Neb. 334, we said, that if there was a disputed account, "and the defendant tendered a less amount in full settlement and discharge of the entire claim, and defendant (plaintiff?) accepted the money with the knowledge that it was so paid, the dispute is a sufficient consideration to uphold the settlement and will bar a recovery."

In *Treat v. Price*, 47 Neb. 875, we said: "When money is offered on condition that it be accepted in full satisfaction of a demand, the person receiving it, if he receives

it at all, must take it subject to the condition named. His acceptance of the money under such a tender is an acceptance of the condition, notwithstanding any protest that he may at that time or afterwards make to the contrary."

The decision of the district court is supported by sufficient evidence, and the judgment is

AFFIRMED.