## HANLEY COMPANY, INCORPORATED, *vs.* AMERICAN CEMENT COMPANY.

First Judicial District, Hartford, October Term, 1928.

WHEELER, C. J., MALTBIE, HAINES, HINMAN AND BANKS, Js.

Argued October 2d—decided November 7th, 1928.

*Henry J. Marks*, for the appellant (defendant).

*John L. Bonee*, for the appellee (plaintiff).

HINMAN, J. Between March 15th, 1927, and July 15th, 1927, the plaintiff sold and delivered to the defendant twelve invoices of brick. Six of these lots, so sold and delivered prior to May 18th, were paid for on July 11th and two others, delivered in July, were paid for on October 3d, and are not in dispute. The remaining four invoices are as follows: May 12th, $560; May 24th, $240; June 1st, $240; June 14th, $228; a total of $1,268. The item of May 12th included four thousand circular brick at $100 per thousand, which the defendant rejected claiming that they were of a different shade than that contracted for, and immediately so notified the plaintiff and asked what should be done with them.

On August 3d, 1927, the defendant wrote the plaintiff as follows: "Inclosed find check for $820.00 which pays our account up to July 1st. We have deducted for the circular brick which you shipped to the Carlson and Torrell Company and which they refused to use, plus the freight in the amount of $448.00. Please advise us what disposition we shall make of these brick for you." The check for $820, mentioned in the letter, covered the four May and June invoices, except the $400 charge for the circular brick in the invoice of May 12th, with the further deduction of $48 for freight

paid thereon. This check was received by the plaintiff and paid, and the plaintiff has never returned or offered to return it or its equivalent. Subsequently, however, the plaintiff insisted that the defendant should pay for the circular brick, and brought this action for the price thereof, $400, and the $48 deducted for freight, and had judgment for that amount and interest, the trial court's conclusion being that "the tender and acceptance of the check under the circumstances . . . did not constitute an accord and satisfaction of the plaintiff's claim nor of a part thereof."

The defendant pleaded, as a first defense, nonconformity of the brick with the contract, and as a second defense, payment; it did not specially plead accord and satisfaction. Our rule provides that this defense be specially pleaded. Rules under the Practice Act, § 200 (Practice Book, p. 290); *Grand Lodge of Conn.* v. *Grand Lodge of Mass.,* 83 Conn. 241, 252, 70 Atl. 533; *Fogil v. Boody,* 76 Conn. 194, 196, 56 Atl. 526. However, it is obvious from the record that this issue was tried and decided, evidence pertaining to it received without objection, and the point is not even raised upon appeal. The plaintiff must, therefore, be held to have waived the procedural defect and we call attention to it only in the interest of proper practice. *Burbank* v. *Stevens,* 104 Conn. 17, 21, 131 Atl. 742; *Sasso* v. *K. G. & G. Realty & Construction Co.,* 98 Conn. 571, 577, 120 Atl. 158; *Fusario* v. *Cavallaro,* 108 Conn. 40, 42, 142 Atl. 391.

The salient facts found by the trial court satisfy all of the essential requirements of an accord and satisfaction, and negative the holding that the payment of $820 "was not accepted by the plaintiff as payment in full of the account to July 1st, 1927," which, it appears, was the element which the court regarded as lacking. If the assent of the creditor to the acceptance of a

less sum than is claimed by him to be due, in satisfaction of the whole claim, is to be inferred from acceptance, the offer should be "accompanied with such acts and declarations as amount to a condition that if the money is accepted, it is accepted in satisfaction, and such that the party to whom it is offered, is bound to understand therefrom, that if he takes it, he takes it subject to such condition. When a tender or offer is thus made, the party to whom it is made has no alternative but to refuse it, or accept upon such condition. If he takes it his claim is cancelled, and no protest, declaration, or denial of his, so long as the condition is insisted on, can vary the result." *Preston* v. *Grant,* 34 Vt. 201, 203; *Crucible Steel Co.* v. *Premier Mfg. Co.,* 94 Conn. 652, 656, 110 Atl. 52; *Fogil* v. *Boody,* 76 Conn. 194, 196, 56 Atl. 526; *Potter* v. *Douglass,* 44 Conn. 541; *Ford* v. *Hubinger,* 64 Conn. 129, 29 Atl. 129; *Partridge Lumber Co.* v. *Phelps-Burruss Lumber & Coal Co.,* 91 Neb. 396, 136 N. W. 65; *Fuller* v. *Kemp,* 138 N. Y. 231, 236, 33 N. E. 1034; *Nassoiy* v. *Tomlinson,* 148 N. Y. 326, 42 N. E. 715.

In *Crucible Steel Co.* v. *Premier Mfg. Co., supra,* it was held that the memorandum on the check which was offered and accepted was not an adequate expression of a condition that if the check be accepted it must be received in satisfaction of the whole amount. No such infirmity attaches to the offer of the defendant in the present case, contained in its letter of August 3d, above quoted, which clearly stated that the check was offered in payment of all unpaid charges up to July 1st and, it followed, must be accepted, if at all, as such. The check was received and collected, without protest or other expression of dissent, so far as appears, until about six weeks later. "The plaintiff kept the money, and he kept it when offered in full of his claim. It must therefore be regarded as taken in full,

notwithstanding any mental reservation to the contrary, or even express declaration, on the part of the defendant." *Potter* v. *Douglass, supra,* p. 546. "The acceptance of the money involved the acceptance of the condition, and the law will not permit any other inference from the transaction." *Nassoiy* v. *Tomlinson, supra,* p. 332.

The appellee claims, also, that there was a lack of consideration. Where it is admitted that one of two specific sums is due, but there is a dispute as to which is the proper amount, the demand is regarded as unliquidated, within the meaning of that term as applied to the subject of accord and satisfaction. *Bull* v. *Bull,* 43 Conn. 455, 469; *Blake* v. *Baldwin,* 54 Conn. 5, 8; *Chicago, M. & St. P. Ry. Co.* v. *Clark,* 178 U. S. 353, 20 Sup. Ct. 924; *Nassoiy* v. *Tomlinson, supra; Greenlee* v. *Mosnat,* 116 Iowa, 535, 90 N. W. 338; *Treat* v. *Price,* 47 Neb. 875, 66 N. W. 834; 1 Williston on Contracts (Ed. 1920) §129. Where the claim is unliquidated any sum, given and received in settlement of the dispute, is a sufficient consideration. *Bull* v. *Bull,* supra; *Marvin* v. *Treat,* 37 Conn. 96, 102; *Partridge Lumber Co.* v. *Phelps-Burruss Lumber & Coal Co.,* 91 Neb. 396, 136 N. W. 65; 1 Corpus Juris, p. 553; 11 L. R. A. (N. S.) 1022 (note).

The finding states that at the time of the receipt of the letter and check of August 3d, the two principal officers of the plaintiff corporation were absent, and a letter written by plaintiff's general manager, on September 19th, stated that when the letter of August 3d was received the writer was away on vacation and "had he been aware of the receipt of same, the receipt of your remittance in the amount of $820 on the basis as outlined in your letter of August 3d would not have been accepted." This, however, does not suffice to show such a mistake as would entitle the

plaintiff to the favorable consideration of a court of equity or render the accord and satisfaction invalid. *Bull* v. *Bull,* 43 Conn. 455, 470; 1 Corpus Juris, 570.

There was, therefore, a complete and valid accord and satisfaction which bars the plaintiff from the recovery awarded it by the trial court.

There is error, the judgment is reversed and judgment for the defendant directed.

In this opinion the other judges concurred.