LIZZIE LARSON, APPELLANT, V. L. I. KEITH, APPELLEE.

FILED JANUARY 7, 1932. No. 28001.

*Butler & James,* for appellant.

*K. F. Williams* and *F. J. Schroeder, contra.*

Heard before GOSS, C. J., DEAN and EBERLY, JJ., and CHASE and HASTINGS, District Judges.

CHASE, District Judge.

This is an action in forcible detention. The plaintiff is the owner of a farm in Frontier county and the defendant is in possession thereof under a lease. At the conclusion of the trial in the lower court, both parties made motions for a directed verdict and for judgment, whereupon the trial court took the case from the jury and rendered judgment in favor of the defendant and dismissed plaintiff's cause of action. From this finding the plaintiff has brought the case to this court for review.

It appears from the record that the plaintiff at the time of the commencement of the action was the owner of a half section of land in Frontier county, Nebraska; that the defendant during the crop year of 1929 had occupied the premises as tenant of the plaintiff. Hereafter, for convenience, the parties will be designated as landlord and tenant. That on the 30th day of September, 1929, the landlord entered into another lease with the tenant for the crop year of 1930; that the tenant was in arrears of rent for the crop year of 1929; that on or about the 18th day of February, 1930, the parties met at the office of the clerk of the district court in Stockville for the purpose of making some sort of settlement of their differences. Upon that date they entered into a written contract wherein it was recited that the tenant was indebted to the landlord for money advanced in the amount of $163.42, and pasture rent of $55, being a total of $218.42, and upon this amount of indebtedness the tenant was entitled to a credit of $39 for fence posts which he claimed he had paid for for the landlord. Whereupon the parties agreed in substance that, in event the tenant did not pay to the landlord the above mentioned items, the tenant would forfeit the lease and deliver up peaceable possession of the premises to the landlord, upon condition that each party should appoint one appraiser and the two choose a third to appraise the number of acres of wheat already planted on the premises

and to be harvested during the year 1930, and fix what they considered a reasonable value for such wheat, which amount should be paid by the landlord to the tenant, less the items of indebtedness due from the tenant to the landlord, and upon payment thereof the lease should be terminated, and the tenant expressly agreed to deliver up possession of the above described premises to the landlord. It further appears that the tenant failed to make the payment due the landlord, and that each party, under their agreement, selected an appraiser, and the two selected a third, and the appraisers went upon the premises and appraised the wheat and found that there were 65 acres planted to wheat and that the reasonable value thereof at the time was $5 an acre. After the appraisement was made, to wit, on the 19th of March, 1930, the parties met again, at which time the indebtedness due from the tenant to the landlord was again discussed and computed to be the sum of $218.42, and the price of the growing wheat at the valuation fixed by the appraisers was computed at $325. A computation was made and it was found the balance due under this arrangement to the tenant, after deducting his indebtedness, was $107.75, whereupon the tenant executed a bill of sale to all his interest in the wheat and the landlord executed and delivered a check to the tenant in this amount, which check was indorsed by the tenant, and credit received thereon the 26th day of March, 1930.

The testimony of the tenant is that, after the check had been delivered to him, he discovered that he had only received pay for two-thirds of the wheat, and that he should have received pay for all, and that he was dissatisfied with the transaction. By his own testimony he states that he made no effort to deliver back the check after he had expressed himself as being dissatisfied, but retained the same and cashed it and has never returned any of the funds to the landlord since that time. There seems to be very little dispute in the testimony of the parties. The appraisers made no effort to fix the value of the tenant's interest in the wheat, but merely found it to be of the value of $5 an acre.

The main objection urged by the appellant is that the findings and judgment of the trial court are contrary to law and not supported by the evidence, and that the trial court erred in overruling appellant's motion for a new trial. The evidence is undisputed that these parties sustained the relation of landlord and tenant, and were having differences concerning the arrears of rent for the year 1929. In order to settle any differences they might have, they entered into a written contract whereby it was agreed by both parties that the tenant should pay the balance of the rent due by the next day after the contract was entered into or appraisers would be appointed to appraise the interest of the tenant in the growing crops on the land. It is evident that the tenant did not pay this rent, because he selected his own appraiser to appraise the property and the landlord selected one, the two selected a third, and these appraisers made the appraisement and returned their findings as to the value of the wheat. The landlord and the tenant, in the settlement of the disputed question, computed the difference between them and found that there was due the tenant $107.75, whereupon it was paid by the landlord and accepted by the tenant and is still retained by him. It also appears that the tenant never paid for the fence posts that he put on the premises for the landlord.

It seems to us that the law governing transactions of this character is so well settled it hardly admits of an argument.

"Where there is a *bona fide* dispute between parties as to the amount due upon an account, and the debtor tenders a less amount than the claim in full settlement, which the creditor accepts, * * * the dispute will be a sufficient consideration to uphold the settlement." *Partridge Lumber Co. v. Phelps-Burruss Lumber & Coal Co.*, 91 Neb. 396.

"Where a certain sum of money is tendered by a debtor to a creditor on the condition that he accept it in full satisfaction of his demands, the sum due being in dispute, the creditor must either refuse the tender or accept it. * * * If he accepts it, he accepts the condition also, notwithstand-

ing any protest." *Partridge Lumber Co. v. Phelps-Burruss Lumber & Coal Co., supra.*

One accepting a check knowing it is offered in full settlement of an account is estopped to claim that deductions in the account were improperly made. *Thomas v. Columbia Phonograph Co.,* 144 Wis. 470; *Nassoiy v. Tomlinson,* 148 N. Y. 326.

The tenant raised no objection to the settlement at the time of the delivery of the check, and even had he done so, and the check was tendered to him, as it was, in full satisfaction of the sum in dispute, the duty was then cast upon the tenant to refuse the same, and if he did not do so he will be held in law as having accepted settlement, notwithstanding any protest he might make.

"A compromise * * * whereby a less sum than that claimed has been paid and accepted in full of plaintiff's claim, bars the right of plaintiff to insist upon a recovery of the amount originally claimed." *Slade v. Swedeburg Elevator Co.,* 39 Neb. 600.

"Where there is a *bona fide* dispute between parties as to the amount due upon an account, and the debtor tenders a less amount than the claim in full settlement, which the creditor accepts, with knowledge that it was tendered as a full settlement, the dispute will be a sufficient consideration to uphold the settlement, and will bar a recovery upon the remainder of the claim." *Chicago, R. I. & P. R. Co. v. Buckstaff,* 65 Neb. 334.

The landlord herein paid to the tenant the amount of the appraisers' award, which was accepted by him, and after acceptance thereof the tenant refused to comply with his agreement to deliver up possession of the premises, claiming that he only received the value of two-thirds of the wheat, when he should have received the value of all of it. Even if this were true, his position would be untenable. If a mistake were made in the amount due him for the wheat by the appraisers or any other party concerned, still he could not be heard to claim a right to the possession of the premises simply because there was more due him

than he received under the settlement. His contract was that he would deliver the possession of the premises if he failed to pay the 1929 rent on the 19th of February. This he failed to do. The computation of the value of his wheat by the appraisers involves a question wholly separated from the right to withhold possession of the premises. If he were correct in his contention, he could have brought an action at law to recover from the landlord the amount yet due him under this settlement, but the fact that he claims an amount due him under the settlement would not justify his withholding possession of the premises of the landlord, and the law seems too well settled that the amount has been fully paid and satisfied by the giving of the check which he cashed and received credit for in full satisfaction of his claim, and he having accepted payment thereof after he claimed that an error had been made in the settlement.

Under the facts, which are almost entirely undisputed, we hold that the trial court erred in rendering judgment for appellee instead of appellant.

For reasons heretofore stated, the judgment is reversed and the cause is remanded.

REVERSED.