## WILLIAM LESCAZE
vs.
## TOWN OF ANSONIA

Superior Court     New Haven County     File #55279

MEMORANDUM FILED OCTOBER 5, 1938.

Pullman & Comley; J. Kenneth Bradley, both of Bridgeport, for the Plaintiff.

Frederick M. McCarthy, of Ansonia; Arthur Klein, of New Haven, for the Defendant.

CORNELL, J. The complaint is in three counts, the right to recover in each of which predicates upon an alleged written agreement annexed to the complaint. The latter purports to be between the defendant Town of Ansonia, therein designated as the "owner" and the plaintiff, "architect and Vernon Sears, Associate, hereinafter called the 'Architect'."

The complaint, however, states that the defendant "employed the plaintiff as architect" etc., and says nothing about his being engaged as "Architect" as that term is employed in the agreement referred to, i.e., as connoting both the plaintiff and Sears. This may be suggestive of a variance, or it may not, but in any event, the Court cannot assume, whatever confusion may be suggested by reading the complaint together with the written agreement, that "architect" as used in the complaint is "Architect" as employed in the contract. The difference between the two is the distinction between the exercise of a several and that of a joint right. In a test of the sufficiency of a cause stated in a complaint, it is not the writing annexed to it and incorporated in it by reference, which is alone to be considered but also the allegation of the complaint itself. *Riverside Coal Co. vs. American Coal Co.*, 107 Conn. 40, 45. This done in the present instant, it becomes apparent that whatever other infirmities, if any, the pleading may have, it cannot be said with certainty that the plaintiff is intent upon enforcing any liability which may arise from an undertaking on defendant's part with plaintiff and Sears.

Demurrer overruled.