PERRYMAN BURNS COAL COMPANY, INC. *v.* SEABOARD COAL COMPANY OF CONNECTICUT, INC.

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, Js.

Argued April 3—decided May 8, 1941.

*Donald E. Cobey,* with whom was *T. Holmes Bracken,* for the appellant (defendant).

*Harry P. Lander,* with whom, on the brief, were *Jacob H. Bellin* and *Jacob I. Weinstein,* for the appellee (plaintiff).

JENNINGS, J. The principal issue in this case concerns the validity of a claimed accord and satisfaction.

The following facts are found: The defendant, a retail coal dealer in New Haven, ordered from the plaintiff, a wholesaler in New York, eight hundred tons of coal. The plaintiff shipped a little over six hundred tons. Thereafter the price of coal increased. A dispute arose between the parties with reference to minor credits claimed by both. The plaintiff claimed a small amount for insurance, which was ultimately allowed by the defendant. The defendant claimed $42.70 as an excess freight charge, $110.48 discount and $124.91, the additional cost of coal purchased to replace the shortage in the original order. The correctness of these amounts was not disputed. The question between the parties was as to which should be allowed.

These disputes resulted in a fairly extensive correspondence and checks in payment of the account were twice sent to the plaintiff and returned to the defendant as not in compliance with the invoice. The last check was returned October 12, 1939, and the fifteen day discount period expired October 27, 1939. On that day the plaintiff wrote the defendant demanding payment in full, without discount. Thereupon Zimmerman, a salesman for the plaintiff, discussed with Bracken, attorney for the defendant, a basis of settlement. Although Bracken had no authority to waive the discount he, on November 1st, made the following offer of settlement to the plaintiff: "I talked

to Mr. George H. Bussman [defendant's general manager] and the only basis of compromise which he will accept is if he is given credit for the $42.75 representing the excess boat rate charge. If he is given credit for this he will waive all other claims." The plaintiff accepted this offer, wiring: "Re letter November 1st. Mail check at once basis outlined."

On November 4, the defendant wrote the plaintiff: "We are enclosing our check as follows:

| | |
|---|---:|
| Invoice of September 21 | $4608.61 |
| Less overcharge boat rate due to not loading 800 tons of coal | 42.70 |
| | $4565.91 |
| Less discount | 110.48 |
| | $4455.43 |

"This is in form with Goldstein & Bracken's letter to you on November 1st, and your telegram of November 3rd, and covers your bill in full." The check bore on its face the following notation: "By endorsement this check is accepted in full payment of the following account

September 21 Invoice
In full"
with the same figures. The plaintiff credited the check as payment on account and credited the freight charge but refused to allow the discount.

It is clear from the memorandum of decision as well as from questions asked by the judge during the trial that the finding and conclusion that the discount period expired a few days before the mailing of the final check was, in his opinion, decisive of the case. The finding here shows that, aside from the protracted negotiations between the parties in an attempt to settle this bill, the defendant's claims were in issue at the time the check was mailed and that this made the

plaintiff's claim a disputed one. "Where it is admitted that one of two specific sums is due, but there is a dispute as to which is the proper amount, the demand is regarded as unliquidated, within the meaning of that term as applied to the subject of accord and satisfaction." *Hanley Co.* v. *American Cement Co.*, 108 Conn. 469, 473, 143 Atl. 566. When an offer of a sum less than the amount claimed to be due is accompanied by acts or declarations which make the acceptance conditional upon an acceptance in full satisfaction of the debt and the offer is in such form as to clearly bring this home to the creditor, the latter must either refuse the offer or accept it upon that condition. *Hanley Co., Inc.* v. *American Cement Co.*, supra, 472; *Potter* v. *Douglass*, 44 Conn. 541, 546; 6 Williston, Contracts (Rev. Ed.) §§ 1854, 1856. Under the facts found the acceptance of the check amounted to satisfaction.

The judgment cannot be supported on the acceptance of the offer made by Bracken because he had no authority to waive the discount. The defendant did not ratify the offer because the check sent was not in accordance therewith.

On the facts found the defendant could not recover on the counterclaim. They show conclusively that it was the intention of the defendant that the check should finally settle all claims between the parties. In the statement accompanying the check it is said that it was in conformity with Bracken's letter and that states that, if allowed the excess freight charge, the defendant would waive all other claims.

There is error and the case is remanded with direction to enter judgment for the plaintiff on the cross-complaint and counterclaim and for the defendant on the complaint.

In this opinion the other judges concurred.