BROWN AND THOMAS AUTOMOBILE COMPANY *v.*
FRANK RULLY ET AL.

COURT OF COMMON PLEAS   NEW HAVEN COUNTY   FILE No. 46585

Memorandum filed January 28, 1954.

*John F. Wynne,* of New Haven, for the Plaintiff.

*Richard C. Hannan,* of New Haven, for the Defendants.

FITZGERALD, J.  Plaintiff has brought this action to recover of the defendants an alleged balance of $131.27 on an original repair bill submitted in the amount of $649.43.  For answer the defendants in effect plead acceptance by the plaintiff of payment in full.  While the case does not involve any substantial sum of money, it does involve an interesting point of law.  In the adjudication of cases it often happens that those cases involving small sums of money give rise to more complexities than is the situation in cases in which a higher monetary bracket is concerned.

The basic facts are these:  Defendants are husband and wife.  In 1950 there was registered in the name of the defendant wife an Oldsmobile station wagon to which the defendant husband had access.  The car was involved in a collision and sustained damages.  Prior to November 2 of that year the defendant husband brought the car to the plaintiff's service department for repairs, and, in making reference to the costs for such repairs, said to the attendant in charge, "Take it easy; there is no insurance."  An estimate of repairs was neither asked nor

given. The car was completely repaired and on November 2, 1950, the plaintiff mailed to the defendant wife an itemized bill in the amount of $649.43. This bill was not paid, it being the claim of the defendant husband that it was excessive.

On April 25, 1951, an appointment was made for the defendant husband to go to the plaintiff's office for a discussion. At that discussion the plaintiff was represented by its service manager and bookkeeper. It was the position of these men that the items comprising the submitted repair bill of $649.43 were both customary and reasonable. The defendant husband renewed his claim that the bill was excessive and contended further that at least one item of specified repair was never made. A point was reached when the defendant husband took out of his pocket the total sum of $518.16 (mainly in cash, along with some indorsed checks in small amounts), and placed it on the office table, saying, "You have got to accept this amount in full payment; take it or leave it." One of the plaintiff's men replied, "We can't do it." The defendant husband then left the premises. The cash and checks were credited by the plaintiff to the defendants' book indebtedness, leaving the balance of $131.27 upon which this action was brought nine months later.

The following principles are deemed controlling and to warrant the entry of judgment for the defendants:

1. "Where a claim is unliquidated or in dispute, the payment of a sum less than the amount claimed, upon condition that it shall be taken in full payment of the claim, operates as an accord and satisfaction, if received and retained by the creditor, even though he protests at the time that the amount paid is not all that is due or that he does not accept it in full of his claim." *Fogil* v. *Boody*, 76 Conn. 194, 196, citing *Potter* v. *Douglass*, 44 Conn. 541.

2. "When an offer of a sum less than the amount claimed to be due is accompanied by acts or declarations which make the acceptance conditional upon an acceptance in full satisfaction of the debt and the offer is in such form as to clearly bring this home to the creditor, the latter must either refuse the offer or accept it upon that condition." *Perryman Burns Coal Co.* v. *Seaboard Coal Co.,* 128 Conn. 70, 73, citing *Hanley Co.* v. *American Cement Co.,* 108 Conn. 469, 472; *Potter* v. *Douglass,* 44 Conn. 541, 546; 6 Williston, Contracts (Rev. Ed.), §§ 1854, 1856.

Accordingly, judgment is required to be entered for the defendants to recover their costs.