CHESTER WASELEWSKI *v.* PAULINE BARRI

DALY, C. J., BALDWIN, KING, MURPHY and MELLITZ, JS.

Argued November 4—decided December 2, 1958

*Alfonse C. Fasano,* for the appellant (plaintiff).

*Henry T. Istas,* with whom was *Robert C. Ruggiero,* for the appellee (defendant).

MURPHY, J. The plaintiff brought suit against the defendant in the Superior Court to recover the amount of special bail given by the defendant as surety. From a judgment for the defendant, the plaintiff has appealed.

The salient facts are these: In December, 1954, the plaintiff sued Mieczyslaw Klosinski in an action for alienation of affections in which he moved for

and obtained special bail as provided by General Statutes § 8062. The defendant as surety for Klosinski, executed the special bail bond in the amount of $4500. It was conditioned to respond to any judgment for the plaintiff not exceeding that amount. Thereafter, on December 8, 1955, during the trial of, and prior to final judgment in, the alienation suit, the defendant presented Klosinski to the court and moved to be discharged from bail under § 8064.[1] The plaintiff's attorney asked that action upon the matter be deferred without prejudice. Counsel for Klosinski agreed. The defendant herein was not represented by counsel. The court correctly stated that under the statute it had no discretion, but it continued the matter without prejudice to anyone when the defendant upon questioning by the court stated that she had no objection to postponement of action upon the motion for discharge. The plaintiff recovered a verdict against Klosinski which became final on February 17, 1956. No formal action upon the defendant's motion for discharge was taken until March 23, 1956, when the court, after a short calendar hearing, granted the motion, discharged the surety and ordered the keeper of the jail to take Klosinski into custody. As he has disappeared, the mittimus has been unexecuted and the plaintiff instituted this action to recover the amount of special bail. The trial court held that the defendant had been discharged as surety by the court on March 23,

---

[1] "Sec. 8064. LIABILITY OF SURETY ON BAIL BOND. Each surety on any such bail bond shall be obliged to satisfy the judgment in case of the principal's avoidance and a return of non est inventus on the execution, unless on or before the time of entering up final judgment he shall bring the principal into court and move to be discharged; upon which the court shall order the keeper of the jail to receive such principal into custody, that his body may be taken on execution. No security to prosecute an appeal shall exonerate the special bail in the cause."

1956, and rendered judgment for the defendant.

The discharge of the surety was not pleaded as a special defense, as it should have been. Practice Book § 102. The plaintiff must be held to have waived the procedural defect, since the case was tried and decided upon this issue. *Hanley Co.* v. *American Cement Co.*, 108 Conn. 469, 471, 143 A. 566.

The provisions of § 8064 must be strictly construed. When the defendant presented the principal before the court, prior to final judgment, it was mandatory upon the court, but for the defendant's consent to the continuance without prejudice, to commit the principal to the sheriff, and thereafter the surety would have been relieved of all liability on the bail bond. The continuance was without prejudice to the defendant. As it has turned out, the defendant was prejudiced by the disappearance of the principal.

There is no error.

In this opinion the other judges concurred.